Gerald ZUK

v.

EASTERN PENNSYLVANIA PSYCHIATRIC INSTITUTE OF THE MEDICAL COLLEGE OF PENNSYLVANIA, Appellee,

Benjamin G. Lipman, Appellant.

No. 96–1199.

United States Court of Appeals, Third Circuit.

Argued Nov. 4, 1996.

Decided Dec. 31, 1996.

---

Benjamin G. Lipman, Philadelphia, PA, pro se (argued).

Michael I. Shamos (argued), The Webb Law Firm, Pittsburgh, PA, for Appellee.

Before: SLOVITER, Chief Judge, MCKEE and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal brings into focus difficult questions relating to the evolving uses and purposes of Federal Rules of Civil Procedure (Fed.R.Civ.P.) Rule 11 sanctions, the more narrow statutory function of sanctions permitted under 28 U.S.C. § 1927, and differences between the two. The sanctions here stem from a suit filed in the United States District Court for the Eastern District of Pennsylvania by Benjamin Lipman, the appellant, in behalf of Dr. Gerald Zuk for copyright infringement against the Eastern Pennsylvania Psychiatric Institute (EPPI).[1] The district court dismissed the action on a Rule 12(b)(6) motion filed by the defendant, and appellant and his client thereafter were subjected to joint and several liability in the sum of $15,000 for sanctions and defendant's counsel fees. Dr. Zuk settled his liability and Lipman appealed. We affirm in part and vacate in part.

### I.

Dr. Zuk, a psychologist on the faculty EPPI, early in the 1970s had an EPPI technician film two of Dr. Zuk's family therapy sessions. As academic demand for the films developed, Zuk had EPPI duplicate the films and make them available for rental through their library. Zuk subsequently wrote a book which, among other things, contained transcripts of the therapy sessions. He registered the book in 1975 with the United States Copyright Office.

In 1980, upon a change in its ownership, EPPI furloughed Zuk. He thereupon requested that all copies of the films be returned to him; EPPI ignored the request. It would appear that EPPI continued to rent out the films for at least some time thereafter. For reasons which have not been made clear, after a long hiatus, Zuk renewed his attempts to recover the films in 1994. In 1995, appellant filed a suit in Zuk's behalf, alleging that EPPI was renting out the films and thereby infringed his copyright.

On June 19, 1995, EPPI moved for dismissal under Rule 12(b), and appellant filed a memorandum in opposition. While the motion was pending, EPPI mailed to Lipman a notice of its intention to move for sanctions under Rule 11(c)(1)(A) on the grounds essentially that appellant had failed to conduct an inquiry into the facts reasonable under the circumstances and into the law. The district court entered an order granting the motion to dismiss. The court found that the copyright of the book afforded no protection to the films, that EPPI owned the copies of the films in its possession and that their use was not an infringement, and that in any event, Zuk's claims were barred by the statute of limitations.

On August 16, EPPI filed a motion for attorney's fees pursuant to 17 U.S.C. § 505 which appellant opposed by a memorandum in opposition on August 31. On September 15, EPPI also filed a Rule 11 motion for sanctions, and appellant filed a memorandum in opposition. On November 1, the court entered an order to "show cause why Rule 11 sanctions should not be imposed for (a) filing the complaint, and failing to withdraw it; and (b) signing and filing each and every document presented." Appellant responded on December 1 with a declaration reiterating the facts of the case as he viewed them.

---

[1]. The lawsuit underlying this appeal alleged violations of 17 U.S.C. § 501(a), a federal copyright law, and the district court thus had jurisdiction pursuant to 28 U.S.C. § 1338, which confers exclusive original jurisdiction over copyright cases. This court has jurisdiction under 28 U.S.C. § 1291 as an appeal from a final order.

On February 1, 1996, the court, upon consideration of defendant's motion for attorney's fees and sanctions, ordered: "That plaintiff, Gerald Zuk, Ph.D., and plaintiff's counsel, Benjamin G. Lipman, Esq. are jointly and severally liable to the defendant for counsel fees in the sum of $15,000." We must ascertain the underpinnings for the Order. It appears that Dr. Zuk subsequently settled his liability with EPPI in the amount of $6,250, leaving appellant liable for $8,750. Appellant timely appealed.

## II.

We turn first to the Copyright Act which provides in relevant part: "In any civil action under this title [Copyrights], the court in its discretion may allow the recovery of full costs by or against any party.... [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

■ Under this Act, a reasonable attorney's fees may be awarded in the court's discretion to the prevailing party against the other party as costs. This court has in the past recognized that the statutory authorization is broad, does not require bad faith on the part of the adversaries, and reveals an intent to rely on the sound judgment of the district court. *Lieb v. Topstone Industries, Inc.* 788 F.2d 151, 155 (3rd Cir.1986). In the instant case, the trial judge aptly recognized that fees were not automatically awarded to the prevailing party, but believed that this was the kind of case in which an award was clearly justified. He therefore concluded that reasonable compensation for all the time spent in this litigation, including the fees and sanctions issues, was to enter a total award of $15,000. Therefore the district court committed no error in making an award under this Act. However, under the statutory directive, the attorney's fee is considered an element of costs and therefore liability attached only to Dr. Zuk and not his attorney, Benjamin G. Lipman. Dr. Zuk has settled his liability, and the appellant's liability under the Copyright Act should not detain us. There is none. We therefore turn to the other statute that figures in this appeal, 28 U.S.C. § 1927.

The short memorandum of the district court accompanying its Order of February 1, 1996 also shows that the district court concluded that "joint and several liability should be imposed under both Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 upon plaintiff's counsel, as well as plaintiff, for the $15,000 counsel fee award." *D.C. Memo* at 2.

■ We turn first to the propriety of the district court's imposition of sanctions under 28 U.S.C. § 1927. We review a district court's decision to impose sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 385, 110 S.Ct. 2447, 2450, 110 L.Ed.2d 359 (1990); *Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1357 (3rd Cir. 1990).

■ Section 1927 provides in pertinent part: "Any attorney or person admitted to conduct cases who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." Although a trial court has broad discretion in managing litigation before it, the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." *Beatrice Foods v. New England Printing,* 899 F.2d 1171, 1177 (Fed.Cir.1990). In this case, the trial court imposed sanctions on plaintiff and his counsel, not because of any multiplicity of the proceedings or delaying tactics, but for failure to make a reasonably adequate inquiry into the facts and law before filing the lawsuit. Thus, the statute does not apply to the set of facts before us. Furthermore, the statute is designed to discipline counsel only and does not authorize imposition of sanctions on the attorney's client.

■ Finally, this court has stated that "before a court can order the imposition of attorneys' fees under § 1927, it must find wilful bad faith on the part of the offending attorney." *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir.1989). Although the court need not "make an express finding of bad faith in so many words,"

*Baker Industries, Inc. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir.1985), there must at least be statements on the record which this court can construe as an implicit finding of bad faith. *Id.*

■ At oral argument before us, counsel for EPPI conceded that the district court had made no express finding of bad faith. Our review of the record, which in relevant part consists only of a two-page Memorandum and Order, reveals no statements which we can interpret as an implicit finding of willful bad faith. At most, the court's statements might be interpreted to indicate a finding of negligence on appellant's part.[2]

We have also interpreted § 1927 as requiring specific notice and the opportunity to be heard before sanctions are imposed. In *Jones v. Pittsburgh Nat'l Corp.*, we confronted a situation very much like the current one; the appellant had been sanctioned under both Rule 11 and § 1927, but had received notice only in regard to Rule 11. In vacating the order imposing sanctions, we noted that "particularized notice is required to comport with due process," and that "the mere existence of … § 1927 does not constitute sufficient notice in our view." 899 F.2d at 1357.

We therefore hold that because the court had made no finding of wilful bad faith, and because it failed to give appellant notice and an opportunity to defend, it was an abuse of discretion to award sanctions against plaintiff's counsel under 28 U.S.C. § 1927.

### III.

■ In imposing joint and several liability upon appellant, the district court stated only that it was acting pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. It did not set forth

the portion of the sanctions imposed as a result of the perceived § 1927 violation, as opposed to the portion to be allocated pursuant to Rule 11. Thus, we are denied meaningful review.

This court confronted a similar situation in *Jones, supra.* In that case, we concluded that "the court did not identify and relate the violations to each source of authority in a way that would permit meaningful appellate review.… In consequence, the entire order imposing sanctions on appellant must be vacated." *Id.* at 1358. We believe that we are constrained to apply the same rationale in this case as well. We therefore will vacate the Order imposing sanctions and remand for further appropriate proceedings in accordance with this opinion.

### IV.

Because the order imposing sanctions on appellant must be vacated and the matter remanded, we conclude that certain issues will probably arise on the remand and should, in the interest of justice, be addressed. We refer here specifically to the question of the proper type and amount of sanctions to be imposed pursuant to Rule 11 under the particular circumstances of this case.

### A.

■ We note at the outset that we find no error in the district court's decision to impose sanctions pursuant to Fed.R.Civ.P. 11.[3] As noted above, we review a district court's decision to impose sanctions for abuse of discretion. *Cooter & Gell*, 496 U.S. at 385, 110 S.Ct. at 2450. An abuse of discretion in this context would occur if the court "based

2. For example, the court stated: "I find it impossible to avoid the conclusion that plaintiff's counsel failed to conduct an adequate investigation …" and "[I]f a tolerably adequate inquiry had preceded the filing of the this lawsuit, no lawsuit would have been filed."

3. Appellant contended that he was not given the benefit of Rule 11's 21–day safe harbor, because the court dismissed the action before he had had the full opportunity to withdraw it. He thus claimed that sanctions were improper under Rule 11(c)(1)(A) (upon motion by other party). EPPI maintained that the sanctions actually were

imposed under Rule 11(c)(1)(B) (on the court's initiative), which has no safe harbor provision. The court issued an order to show cause, which is required only under 11(c)(1)(B), but stated that it was "in consideration of defendant's motion for sanctions." In its accompanying memorandum, the district court did not address this apparent inconsistency. At oral argument before this court, appellant acknowledged that he would not have withdrawn the complaint even if he had been given the full 21–day safe harbor. Thus, we need not address this contention.

its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Rogal v. American Broadcasting Companies, Inc.,* 74 F.3d 40, 44 (3d Cir.1996).

▮ Prior to a significant amendment in 1983, Rule 11 stated that an attorney might be subjected to disciplinary action only for a "wilful" violation of the rule. The Advisory Committee Notes to the 1983 amendment make clear that the wilfulness prerequisite has been deleted. Rather, the amended rule imposes a duty on counsel to make an inquiry into both the facts and the law which is "reasonable under the circumstances." This is a more stringent standard than the original good-faith formula, and it was expected that a greater range of circumstances would trigger its violation. The district court did not abuse its discretion in determining that appellant had not sufficiently investigated the facts of the case nor had he educated himself well enough as to copyright law. We therefore see no error in the court's decision to impose sanctions.

### 1. The Inquiry into The Facts

In dismissing the complaint, the court found that "[i]t ... seems highly probable that plaintiff's claims are barred by the three-year statute of limitations." Later, in the Memorandum and Order imposing sanctions, the court noted that the "obvious" statute of limitations issue would have been resolved and no lawsuit filed, had appellant conducted an adequate investigation. *D.C. Memo* at 2.

Dr. Zuk left EPPI in 1980, and it is undisputed that EPPI continued to rent out the films in question for some time thereafter. Appellant, however, had no evidence whatsoever, other than conjecture, to prove that the films were being rented in the three years preceding the commencement of this action. The Advisory Committee Notes to the 1993 amendments to Rule 11 explain:

"Tolerance of factual contentions in initial pleadings ... when specifically identified as made on information and belief does not relieve litigants from the obligation to con-

duct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to ... make claims ... without any factual basis or justification."

Appellant's assertions in ¶¶ 36 and 37 of the complaint (in regard to EPPI's ongoing use of the films) are based purely upon Dr. Zuk's beliefs.[4] What little investigation appellant actually conducted did not reveal any information that the films were being rented out during the relevant period. Indeed, certain pre-filing correspondence with EPPI indicated that, pursuant to Dr. Zuk's earlier instructions, the library staff was cautioned not to rent any of Dr. Zuk's films. Nor are we persuaded by appellant's contention that further information would have been obtained during discovery. The Note cited above observes that discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action. The need for a reasonable investigation with respect to distribution of the film during the three-year period prior to the filing of the lawsuit is evident because of the long period allegedly spanned by the distribution.

### 2. The Inquiry into The Law

Rule 11(b)(2) requires that all "claims, defenses, and other legal contentions [be] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Appellant does not contend that any of the latter justifications apply, and so we must ascertain whether his legal arguments are "warranted by existing law." For reasons that follow, we conclude that they are not, and that sanctions therefore were within the sound discretion of the district court.

Appellant's legal research was faulty primarily in two particular areas: copyright law (pertaining to what the parties call the "registration issue") and the law of personal

---

4. EPPI emphasizes that while ¶¶ 36 and 37 should have been pleaded on information and belief, they were instead phrased as "Dr. Zuk believes, and therefore avers, ...." In light of liberal federal pleading practice, we do not find this to be an important distinction.

property (the "ownership issue"). Turning to the registration issue, appellant states that this was the first copyright case which he had handled, and points out that a practitioner has to begin somewhere. While we are sympathetic to this argument, its thrust is more toward the nature of the sanctions to be imposed rather than to the initial decision whether sanctions should be imposed. Regrettably, the reality of appellant's weak grasp of copyright law is that it caused him to pursue a course of conduct which was not warranted by existing law and compelled the defendant to expend time and money in needless litigation.

Appellant's primary contention is that by registering a copyright in his book, Dr. Zuk had somehow also protected the films reproduced in them. The logical progression is that because the book contained transcripts of the films, the words spoken in the films were protected, and thus so were the films. Although perhaps logical, this argument runs contrary to copyright law. "The copyright in [a derivative] work ... does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." 17 U.S.C. § 103(b).

In all fairness to appellant, we should note that the cases and commentary interpreting this provision focus on derivative works which incorporate the preexisting work of a *different* author. Had appellant presented his argument as a matter of first impression, and argued for a new interpretation of the statute where the same individual authored both works, he might have stood upon a more solid footing. Instead, appellant's brief evidences what strikes us as a cursory reading of the copyright laws, and a strained analysis of what appears to be an inapposite case (*Gamma Audio & Video, Inc. v. Ean–Chea,* 11 F.3d 1106, 29 USPQ2d 1257 (1st Cir.1993)).

We now focus on the ownership issue. The parties agree that if EPPI owns the copies of the film in its possession, then 17 U.S.C. § 109[5] permits EPPI to rent out the

films. Appellant maintains, however, that EPPI does not own the copies, because they were made specifically for Dr. Zuk at his behest, and as a perquisite of his faculty position at EPPI. This question raises reasonable issues as to the rights of an employer in the work product of an employee, and its resolution is not so clear as to itself warrant the sanctioning of appellant for advancing this claim.

EPPI contends, however, that it is too late in the day to raise this argument. The Pennsylvania statute of limitations on replevin is two years. Dr. Zuk demanded the return of the copies in 1980, and EPPI refused to comply, based upon a claim of ownership. EPPI's possession thereafter was open, notorious, and under claim of right, and yet Dr. Zuk did not institute an action to replevy. It would therefore appear that EPPI now holds superior title, *see, e.g., Priester v. Milleman,* 161 Pa.Super. 507, 55 A.2d 540 (1947), and that an inquiry into Pennsylvania personal property law would have revealed that appellant's claim was far too stale. However, EPPI raises its argument too late in this proceeding. It did not rely upon, or even mention, the adverse possession theory before the district court. Because the court could not have relied upon this aspect of the ownership issue in imposing sanctions, it is inappropriate for us to consider it at this time.

## B.

■ . Having concluded that there is no error in the district court's decision to impose sanctions upon appellant under Rule 11, we turn now to the type and amount of sanctions imposed. We review the appropriateness of the sanctions imposed for abuse of discretion. *Snow Machines, Inc. v. Hedco, Inc.,* 838 F.2d 718, 724 (3d Cir.1988). As the courts have undergone experience with the application of Rule 11 sanctions, its scope has broadened and the emphasis of the Rule has changed.

According to *Wright & Miller:*

without authority of the copyright owner, so long as the library owns a lawfully made copy of such material.

---

**5.** This section states in pertinent part that a nonprofit library (such as that operated by EPPI) is free to rent, lease, or lend copywritten material

The 1993 revision ... makes clear that the main purpose of Rule 11 is to deter, not to compensate. Accordingly, it changes the emphasis in the types of sanctions to be ordered. It envisions as the norm public interest remedies such as fines and reprimands, as opposed to the prior emphasis on private interest remedies. Thus, the Advisory Committee Notes state that any monetary penalty "should ordinarily be paid into the court" except "under unusual circumstances" when they should be given to the opposing party. Any sanction imposed should be calibrated to the least severe level necessary to serve the deterrent purpose of the Rule. In addition, the new Rule 11 contemplates greater use of nonmonetary sanctions, including reprimands, orders to undergo continuing education, and referrals to disciplinary authorities.

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1336 (2d ed. Supp.1996).

■ This court has instructed the district courts that "[f]ee-shifting is but one of several methods of achieving the various goals of Rule 11," that they should "consider a wide range of alternative possible sanctions for violation of the rule," and that the "district court's choice of deterrent is appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988).

Thus, the district courts have been encouraged to consider mitigating factors in fashioning sanctions, most particularly the sanctioned party's ability to pay. *Id.* at 195. Courts were also given examples of other factors they might consider, including whether the attorney has a history of this sort of behavior, the defendant's need for compensation, the degree of frivolousness, and the "willfulness" of the violation. *Id.* at 197 n. 6.

In *Doering*, a $25,000 sanction was imposed on a sole practitioner with less than $40,000 gross income per annum. We affirmed the district court's decision to impose sanctions, but vacated and remanded as to the amount. We noted that "in order for the district court to exercise properly its discretion in setting the amount of fees to be assessed against counsel, further evidence must be developed upon the issue of his ability to pay." *Id.* at 196.

■ Although money sanctions are not encouraged under Rule 11, they are not forbidden. Under the circumstances of this case, we see no error in the district court's imposition of fee sanctions upon the appellant, although the amount may be contrary to the current spirit of Rule 11. The present case differs from *Doering* in that appellant did not request that the district court mitigate the sanctions. Appellant also faces a lesser financial burden in that he is liable for only $8,750, his client having paid the difference. Nonetheless, when we look to the list of mitigating factors, and consider the nonpunitive purpose of Rule 11, we conclude that it was error to invoke without comment a very severe penalty. On remand, the district court should apply the principles announced by this court in *Doering*.

## V.

To summarize, to the extent the Order of the district court dated February 1, 1996 imposed sanctions upon appellant pursuant to Fed.R.Civ.P. 11, it will be affirmed only as to the actual imposition of such sanctions. The Order will be vacated as to the type and amount of sanctions imposed under Rule 11 and as to any sanctions imposed under 28 U.S.C. § 1927. The case will be remanded for further proceedings consistent with this opinion.

Each side to bear its own costs.