**HOFFMAN–LA ROCHE, INC., & Syntex, (U.S.A.), Inc., Plaintiffs,**

v.

**INVAMED, INC., et al., Defendants.**

**Civ.A. No. 98–1124(WHW).**

United States District Court, D. New Jersey.

Oct. 22, 1998.

OPINION

PISANO, United States Magistrate Judge.

Before the Court is plaintiffs' motion to recover costs of service of process and attorneys' fees pursuant to Federal Rule of Civil Procedure 4(d)(5). Defendants filed opposition and cross-moved for sanctions under 28 U.S.C. § 1927. The Court heard oral arguments on October 13, 1998, and reserved judgment on both motions. For the reasons set forth below, both motions are denied.

## FACTS

Plaintiff Syntex owns six patents concerning the composition and synthesis of ticlopidine hydrochloride, a platelet aggregation inhibitor. Plaintiff Hoffman–La Roche is the exclusive distributor of that drug under the six Syntex patents. Defendants are drug companies that sell generic versions of brand name drugs, and plaintiffs' complaint alleges that defendants have infringed or will soon begin infringing the Syntex patents.[1]

Plaintiff Hoffman–La Roche is a corporation organized under the laws of New Jersey with its principal place of business in Nutley, New Jersey, while Plaintiff Syntex is a Delaware corporation with its principal place of business in Palo Alto, California. Plaintiffs allege that defendant Genpharm Incorporated is a Canadian corporation whose principal place of business is Ontario, Canada.

Plaintiffs filed suit on March 18, 1998, and filed a first amended complaint on April 2, 1998. Plaintiffs requested that pursuant to Federal Rule of Civil Procedure 4(d) defendant Genpharm Incorporated waive formal service of a summons. Defendant refused to do so and insisted that service be effected under the Hague Convention.[2] As a result, plaintiffs employed a Canadian law firm in order to serve on Genpharm the summons and first amended complaint. Formal service was completed on May 13, 1998, in Toronto, Ontario, Canada.

In accordance with Rule 4(d), plaintiffs moved this Court on September 15, 1998, to award costs of service and attorneys' fees because defendant Genpharm refused to waive formal service of process and summons. Defendant opposed the motion, claim-

---

1. Plaintiff has dismissed its claims against all defendants named in the complaint. The action is ongoing only as to defendant Genpharm's counterclaims based upon unfair competition, patent misuse, and defendant's assertion that the plaintiff's claim was frivolous. Thus, the parties' continued litigation concerns matters extraneous to the issues raised by the plaintiff's complaint, and it must be noted that this motion is but one instance of tangential conflict between the parties.

2. See Fed.R.Civ.P. 4(f) (stating that "service upon an individual from whom a waiver has not been obtained and filed ... may be effected in a place not within any judicial district of the United States ... by any internationally agreed means ... , such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....").

ing that Rule 4(d) expressly requires both the plaintiff and defendant to be located within the United States in order for the cost-shifting provision of the rule to apply. Defendant also filed a cross motion seeking sanctions pursuant to 28 U.S.C. § 1927, which permits the Court to sanction an attorney who "unreasonably and vexatiously" multiplies case proceedings.[3] The Court heard oral arguments on October 13, 1998, and reserved judgment in order to issue a formal, written opinion.

## DISCUSSION

### I. PLAINTIFFS' MOTION FOR COSTS UNDER RULE 4(D)

█ Federal Rule of Civil Procedure 4(d) envisions a process in which a defendant saves time and money by waiving formal service of the summons and complaint. The rule provides, in relevant parts, that a defendant "has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.... If a *defendant located within the United States* fails to comply with a request for waiver made by a *plaintiff located within the United States,* the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." FED.R.CIV.P. 4(d) (emphasis added).

The current Rule 4(d) took effect on December 1, 1993. *See The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction,* 151 F.R.D. 441, 441 (1994) (authored by Professor David D. Siegel of the Albany Law School of Union University). Rule 4(d) provides for waiver of formal service, which began in concept as the "service by mail" provision of the 1983 version of Rule 4(c)(2)(C)(ii). Service by mail permitted a plaintiff to mail to the defendant the summons and complaint together with an acknowledgment form. *See id.* at 447. Service by mail and waiver of service are sub-

stantially similar, but the chief benefit of waiver derives when the defendant is located in a foreign country. *See id.* Service by mail constituted formal service of process and might conceivably offend a foreign sovereign, as service by mail might be construed to be a hostile act on foreign soil against the foreign defendant. *See id.* at 447–48. A request for waiver of service, on the other hand, is simply a private plaintiff's request that a defendant make formal service of process unnecessary by agreeing in writing to waive it. *See id.* at 448. If a foreign defendant refuses to waive formal service, plaintiff must serve him in accordance with the procedures of the Hague Convention. *See* FED. R.CIV.P. 4(f).

It is clear from the language of Rule 4(d) that its application is preconditioned upon both plaintiff and defendant being located in the United States. In urging the Court to apply the rule to the case at bar, plaintiffs argue that "located in the United States" means something akin to "subject to personal jurisdiction in the United States," such that if an alien defendant does business in and has significant ties to the United States it is therefore "located within the United States" for the purposes of Rule 4(d).

Support for plaintiffs' position is found in two sources. First, Rule 4(d) and the committee's notes do not address what result should obtain if a foreign plaintiff enters the United States in order to initiate legal action against a domestic defendant. It would appear to be a frivolous proposition that a foreign plaintiff could step into the United States and mail to a domestic defendant a request for waiver and, thereby, gain the benefits of the waiver of service cost-shifting provision. *See The New Rule 4,* 151 F.R.D. at 454. Under such a scenario, it is asserted that

"located within the United States" should be taken to mean something more substantial than the mere place of posting. It should mean that the plaintiff is a citizen, or a domestic corporation or association or governmental unit; *if an alien, it should at least mean an alien residing in the*

---

**3.** According to its moving papers, Defendant intends to move for Rule 11 sanctions as soon as

permitted under the federal rules, but that motion is not yet before the Court.

*United States,* or if a foreign nation corporation, one with an office in the United States. If this provision is to be taken as excluding alien plaintiffs from a costs award altogether, it would appear unfair, and even vindictive, *since an alien defendant "located within the United States" would be subject to a costs award for not offering a waiver.*

*Id.* (emphasis added.) The second source that lends credence to plaintiffs' argument is the committee's notes following Rule 4. There, the committee observes that, as to Rule 4(d), "there is no useful purpose achieved by requiring a plaintiff to comply with all the formalities of service in a foreign country ... when suing a defendant manufacturer, fluent in English, whose products are widely distributed in the United States." *See id.* (citing *Bankston v.. Toyota Motor Corp.,* 889 F.2d 172 (8th Cir.1989)).

The comments do not discuss, however the scenario that is presented here, where the Court encounters *domestic plaintiffs* suing a *foreign defendant* who has substantial contacts with the United States. The Court chooses to apply to this case the plain meaning of "located in the United States." If the committee proposing the rule had intended for a defendant such as Genpharm to be subject to the cost award provisions of Rule 4(d), the committee simply could have written the rule to provide that a cost award is available if a defendant is "subject to personal jurisdiction in any state of the United States." The rule does not, however, read that way; it says, rather, that plaintiff and defendant must both be located within the United States in order to trigger the cost shifting provision.

The Court assumes, quite properly, that the committee that drafted the 1993 revised Rule 4 chose its words carefully. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) (determining that "the starting point for interpreting a statute is the language of the statute itself," which absent clearly expressed contrary intent "must ordinarily be regarded as conclusive."). As such, this Court must adhere to the rule's directives and attribute to the words of the rule their plain meaning. *See Edwards v. Aguillard,* 482 U.S. 578, 594, 107 S.Ct. 2573, 96 L.Ed.2d 510 (1987) ("The plain meaning of [a] statute's words, enlightened by their context and the contemporaneous legislative history, can control the determination of legislative purpose.").

■ This Court is confident that the word "located" carries with it something more tangible than the metaphysical concept of "personal jurisdiction." Simply because a defendant is subject to personal jurisdiction, that does not mean necessarily that he is located within the United States. *See, e.g., Burnham v. Superior Court,* 495 U.S. 604, 610, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (stating that courts have traditionally retained jurisdiction over nonresidents who are physically present in a state). Although there is some logic supporting plaintiffs' position, the Court accepts the plain, common sense reading of the rule and rejects their argument. If a defendant must be "located within the United States," then he must be physically present in the United States. *See* BLACK's LAW DICTIONARY 847 (5th ed.1979) (defining "located"). Defendant in this case is not located in the United States, because its principal place of business is Toronto, Ontario, Canada. *Cf.* 28 U.S.C. § 1332(c) (1993) (declaring that a corporation is a citizen of its state of incorporation and the state where it has its principal place of business). Plaintiffs therefore cannot recover under Rule 4(d) the costs of serving formal process on defendant.

## II. DEFENDANT'S CROSS MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927

■ Defendant has moved this Court to impose sanctions against plaintiffs for filing a frivolous motion and thereby violating the statutory prohibition on unnecessary multiplication of proceedings. Section 1927 of Title 28, United States Code, prohibits an attorney from multiplying "the proceedings in any case unreasonably and vexatiously." If he does so, the statute states that he "may be required by the court to satisfy personally the excess costs, expenses, and attorneys'

fees reasonably incurred because of [his] conduct."

The most recent Third Circuit pronouncement regarding Section 1927 appears in *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294 (3d Cir.1996). There, plaintiff failed to conduct a reasonable inquiry into the facts and law of the case prior to filing suit, which was later dismissed under Rule 12(b)(6). *See id.* at 296–97. The court concluded that because plaintiff did not multiply or delay litigation, but rather simply failed to inquire sufficiently into the facts and law, Section 1927 did not apply and it was not appropriate to award attorneys' fees. *See id.* at 297. The court continued, however, holding that "bad faith" is indeed a prerequisite to a court's imposition of sanctions under the statute. *See id.* In the end, the Third Circuit refused to impose sanctions under Section 1927 because, at most, plaintiff was negligent and did not act in wilful bad faith. *See id.* at 298.

Applying the rules set forth in *Zuk* to the facts of the case before this Court, defendant's motion for sanctions against plaintiffs must be denied. As noted *supra* in Part I of this opinion, there is some authority for the proposition that a foreign defendant who has some business ties to the United States might be subject to a cost award for failure to waive formal service of process. The Court finds those authorities unpersuasive, but that does not mean that plaintiffs filed their motion in bad faith. Furthermore, at oral arguments plaintiffs articulated their basis for seeking a cost award pursuant to Rule 4(d). Plaintiffs argued for a good faith extension of existing law and there was no bad faith effort to multiply or delay the litigation. For those reasons, defendant's motion for sanctions is denied.

*CONCLUSION*