

Villanova University School of Law

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2002

# Carlino v. Gloucester Cty High

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-5262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Carlino v. Gloucester Cty High" (2002). *2002 Decisions.* Paper 508.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/508

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-5262
_____

JOSEPH CARLINO, JR.;
JOSEPH CARLINO, SR.; ELIZABETH CARLINO;
KYLE ROSSELL; CHERYL ROSSELL; ELWOOD WRIGLEY;
JOANNE WRIGLEY; STEVEN BURKHARDT; KATHLEEN BRANDT;
TODD EVANS; ROBERT EVANS; MILDRED EVANS

v.

GLOUCESTER CITY HIGH SCHOOL;
RONALD PRITCHETT, DR.; JAMES HETHERINGTON;
GLOUCESTER CTY BD ED; SHIRLEY CLEARY;
SUSAN ALLGEIER; LEROY KRAMER; BARBARA STOUT;
FORT MAGRUDER INN AND CONFERENCE CENTER;
INTERSTATE HOTELS; JOHN TRAVATO; STANLEY BOOTH;
CHRIS CONNELLY; EDWARD C. HUBBS, Board President;
LOUISA W. LLEWELLYN, Board Vice-President; ROBERT BENNETT;
SANDRA L. COWGILL; WILLIAM F. FISHER, III; PATRICK J. HAGAN;
EDWARD L. HUTCHINSON; DANNY O'BRIEN, JR.; JOSEPH SCHILI;
MARGERY WADE

SAMUEL A. MALAT,*
                                          Appellant

*(Pursuant to Rule 12(a) F.R.A.P.)

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 98-cv-02799
(Honorable Stephen M. Orlofsky)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2002

Before:  SCIRICA and GREENBERG, Circuit Judges,
and FULLAM, District Judge

(Filed:August 14, 2002  )

_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

    The issue on appeal is whether the District Court abused its discretion by

imposing Fed. R. Civ. P. 11 sanctions upon attorney Samuel Malat.  We will affirm.

I.

This case involves a group of high school seniors who admittedly purchased and consumed alcohol and became intoxicated while on their senior class trip.  Before the trip, each student had to sign and obtain a parent's signature on an authorization form that stated, inter alia, that any student who possessed, distributed, purchased or consumed alcoholic beverages while on the trip would "lose their privileges to participate in Commencement Exercises" and possibly "forfeit all rights as members of their class." The student plaintiffs here were allowed to graduate but as punishment for their alcohol consumption, were excluded from graduation exercises.

Plaintiffs, through their attorney, Samuel Malat, filed a complaint on June 15, 1998, and an amended complaint on November 23, 1998, alleging the school board and various school officials violated their constitutional rights by denying their participation in the graduation ceremony.  Parent plaintiffs alleged they suffered emotional distress as a result of their inability to attend their children's high school graduation.  Plaintiffs essentially alleged six causes of action: (1) an equal protection claim on behalf of the student plaintiffs; (2) a religious freedom claim on behalf of the student plaintiffs; (3) a due process claim on behalf of the student plaintiffs; (4) an emotional distress claim on behalf of student Todd Evans; (5) an emotional distress claim on behalf of parent plaintiffs; and (6) a retaliation claim on behalf of Elizabeth Carlino.  Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 16 (D.N.J. 1999).

On February 2, 1999, the District Court issued an Order to Show Cause requiring plaintiffs' counsel "to show cause why . . . sanctions should not be imposed against [him] pursuant to Fed. R. Civ. P.  11, 28 U.S.C.   1927, and the Court's inherent powers" for filing frivolous claims.  The District Court waited six months, until August 2, 1999, before imposing sanctions upon Malat.  The District Court found the amended complaint, signed by Malat, contained three "patently frivolous" claims that were statutorily barred.  The court concluded that

> Mr. Malat has conducted absolutely no legal research whatsoever regarding these claims at any time before or during the pendency of this litigation.  "Even a casual investigation, let alone the reasonable inquiry required by Rule 11, see Fed. R. Civ. P. 11(b), would have revealed" that the New Jersey Statutes Annotated prohibit both emotional distress claims and the CEPA [Conscientious Employee Protection Act] claim.  Such a flagrant failure to conduct any legal research violates Mr. Malat's obligations under Rule 11(b).

Id. at 38.

The District Court stated "the combination of a monetary and a nonmonetary sanction would best deter future similar conduct" and ordered Malat to attend two continuing legal education courses within eighteen months, and pay a $500 fine.  Id. at 39.  Malat's only argument on appeal is that the District Court violated Fed. R. Civ. P. 11(c)(1)(A) by not providing a "safe harbor" letter.  But the sanctions were imposed under Rule 11(c)(1)(B), which has no safe harbor provision.  Rule 11(c)(1)(B) clearly provides that "[o]n its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."  Malat erroneously relies on an inapposite provision, Rule 11(c)(1)(A) (upon motion by other party), instead of Rule 11(c)(1)(b), when the court files an order to show cause "on its own initiative."

Additionally, the District Court's February 2, 1999 Order to Show Cause and the six months the court waited before imposing sanctions provided Malat with "notice and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c).  The District Court did not abuse its discretion.

II.

For the foregoing reasons, we will affirm the District Court's imposition of sanctions.

TO THE CLERK:

Please file the foregoing opinion.

                              Anthony J. Scirica
                               Circuit Judge

DATED:   August 14, 2002