**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1635
_____

PETER HILBURN; FELICIA RYAN,
Appellants

v.

BAYONNE PARKING AUTHORITY; JOSEPH DORIA, individually and in his official capacities; THE CITY OF BAYONNE, A Municipal Corporation; PETER CRESCI, individually and in his official capacities; ROCCO COVIELLO, individually and in his official capacitites as Chairman of the Bayonne Parking Authority; MICHAEL PIERSON; KATHY LORE; BAYONNE PARKING AUTHORITY COMMISSIONERS 1-10, individually and in their official capacities

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  2-07-cv-05211)
District Judge:  Honorable Dennis M. Cavanaugh

Submitted under Third Circuit LAR 34.1(a)
March 3, 2014

Before:  RENDELL, SMITH and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed:  April 4, 2014)

O P I N I O N

**RENDELL**, Circuit Judge:

Peter Hilburn and Felicia Ryan appeal from the District Court's order granting Appellees' Motion for Summary Judgment and imposing sanctions. Specifically, Appellants argue that they presented sufficient evidence to survive a motion for summary judgment. Appellants argue further that the District Court did not meet the procedural or substantive requirements mandated by Federal Rule of Civil Procedure 11(c)(2) & (d) in imposing sanctions. For the reasons set forth below, we will affirm the rulings of the District Court.

## I. *Background*[1]

Appellants brought suit against the City of Bayonne, Mayor Joseph Doria, Peter Cresci and others under 42 U.S.C. § 1983 for allegedly violating, among other things, their First Amendment rights and the New Jersey Conscientious Employee Protection Act ("CEPA"). Appellants allege that the City of Bayonne and Mayor Doria terminated them from the Bayonne Parking Authority ("BPA") in retaliation for reporting abuses of power and other wrongdoing at the BPA, including illegal dismissal of parking tickets and improper invoicing.

On January 18, 2011, Appellees filed a Motion for Summary Judgment. Appellants requested additional time in order to depose Mayor Doria. Following Mayor Doria's deposition, Appellants filed their Opposition Brief on July 15, 2011. Appellants'

---

[1] These facts are taken primarily from the District Court opinion.

brief contained a declaration from Peter Cresci.[2] Cresci's Declaration contained details about Mayor Doria's interaction with BPA commissioners and employees, which Cresci observed while serving as Assistant Counsel for the City and General Counsel for the BPA.

Following this filing, Appellees sought to depose Cresci. Appellants voiced their opposition to this deposition, sought to limit the scope and were generally unhelpful in scheduling the deposition. The record also indicates that Cresci refused to be deposed. Following a status conference in September 2011, the Honorable Joseph A. Dickson (U.S.M.J.), agreed to issue a subpoena for Cresci to attend a deposition. Cresci moved to quash the subpoena, but the Court denied the motion.

After several re-scheduled depositions, Cresci was set to be deposed on January 12, 2012. On January 11, 2012, Appellants filed a new Opposition Brief which omitted the Cresci Declaration included in the July 15, 2011 filing. Along with this filing, Appellants' Counsel sent a letter to Judge Dickson in which she stated that the reason for the withdrawal of the Cresci Declaration was that the "information contained in the [declaration] can be independently verified and corroborated through the available evidence already on record." (P.A. 86.) Not surprisingly, Cresci did not appear for his deposition on January 12.

On February 3, 2012, Appellees made a Motion for Sanctions pursuant to Rule 11. Appellees argued that Appellants' Counsel should be subject to Rule 11 sanctions for filing the Cresci Declaration, resisting efforts to depose Cresci and then, the day before

---

[2] Peter Cresci was dismissed with prejudice as a defendant in this case on April 28, 2011.

the scheduled court-ordered deposition, filing an amended brief omitting any reference to the Declaration. Appellees' Br. at 6.

The District Court granted both the Motion for Summary Judgment and the Motion for Sanctions. In imposing sanctions, the District Court noted that Counsel "did not make reasonable inquiry into both the facts and law regarding her objections to Mr. Cresci's deposition." (P.A. 12.) The District Court required Appellants' Counsel to reimburse Appellees' fees only related to the motion practice in connection with Cresci's deposition, and not Cresci's efforts to quash the subpoena.

## II. *Discussion*[3]

### A. *Motion for Summary Judgment*

Although Appellants devote the majority of their brief to the issue of sanctions, we will begin our analysis by addressing their argument that the District Court erroneously granted summary judgment in favor of Appellees. We exercise plenary review over a grant of summary judgment. *Gwynn v. City of Philadelphia*, 719 F.3d 295, 299 (3d Cir. 2013). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must interpret the facts in the light most favorable to the non-moving party. *U.S. ex rel. Kosenske v. Carlisle HMA, Inc.*, 554 F.3d 88, 94 (3d Cir. 2009).

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(1), (3). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Despite Appellants' vigorous argument to the contrary, we agree with the District Court that Appellants "have failed to proffer evidence to create a genuine issue of material fact" as to any of their allegations. (P.A. 9.) Appellants simply make several assertions upon which they repeatedly rely in an effort to prove their allegations. The record, along with Appellants' Brief, does not present evidence that Mayor Doria or the City of Bayonne were responsible for the termination of either Appellant. Further, Mayor Doria and the City clearly do not meet the definition of "employer" under CEPA[4], nor was there any evidence establishing a causal connection between Appellants' whistle blowing activity and the adverse employment action.[5]

We see little reason to expand on the well reasoned opinion of the District Court with regard to its grant of summary judgment in favor of Appellees. Consequently, we will affirm the District Court's order granting summary judgment.

## B. *Sanctions*

We review a district court's imposition of sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400-01 (1990); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990). We have said that "such an abuse

---

[4] "Employer" is defined under CEPA as "any individual . . . or any person or group of persons acting directly or indirectly on behalf of or in the interest of an employer with the employer's consent." N.J.S.A 34:19-2(a).

[5] To succeed on a claim under CEPA, a plaintiff must establish that "(1) he reasonably believed that his employer's conduct was violating a law or rule or regulation promulgated pursuant to law, (2) he objected to the conduct, (3) an adverse employment action was taken against him, and (4) a causal connection exists between the whistleblowing activity and the adverse employment action." *Sarnowski v. Air Brooke Limousine, Inc*., 510 F.3d 398, 404 (3d Cir. 2007) (citing *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (2003)).

5

occurs when the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *In re: Orthopedic Bone Screw Products Liab. Litig.*, 193 F.3d 781, 795 (3d Cir. 1999) (internal quotation marks omitted).

While we conclude that the District Court did not abuse its discretion in imposing sanctions, Rule 11 may not have been the proper vehicle to do so. If the conduct of Appellants' Counsel, Ms. De Soto, is viewed as occurring in connection with discovery, Rule 11 does not apply, by its own terms. Rule 11(d) states: "This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). Appellees urge that Rule 11(b) applies because the conduct occurred in connection with the filing of the new Opposition Brief. But we view the entire course of conduct to have been related to discovery. We need not resolve this apparent conflict, however, because there are other sources of authority for the District Court's imposition of sanctions, namely, 28 U.S.C. § 1927.

Rule 37(b) applies when there is a failure to comply with a court order, and, under 37(b)(2)(C) the attorney advising a party who has failed to comply with an order can be sanctioned by the imposition of "reasonable expenses" caused by the failure. Here, technically, Ms. De Soto was not Cresci's counsel, and the District Court was not sanctioning her for Cresci's failure to comply with the subpoena, but, rather for Ms. De Soto's own conduct:

> If Ms. De Soto knew, as she admits in her letter to Judge Dickson, that "the information contained in the [declaration] can be independently verified and corroborated through the evidence already on the record," her

6

continued protests to the deposition of Mr. Cresci unnecessarily delayed the litigation of an already long, drawn out case. She did not make 'reasonable inquiry into both the facts and law' regarding her objections to Mr. Cresci's deposition.

(P.A. 12.)

Thus, Rule 37 does not supply the appropriate source of the Court's power to sanction Ms. De Soto.

Notably, the District Court cited to footnote 7 of *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, which specifically refers to 28 U.S.C. § 1927: "For example, § 1927 sanctions are applicable only to an attorney and requires a finding of bad faith. Rule 11 authorizes sanctions against a signer of a pleading, etc. presented for an improper purpose and requires only a showing of objectively unreasonable conduct." 278 F.3d 175, 187 n.7 (3d Cir. 2002) (internal citations omitted). The text of 28 U.S.C. § 1927 reads:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In *Prudential Ins. Co.*, we addressed not only the statutory basis of § 1927, but also the basis for the imposition of sanctions founded on the inherent authority of the courts: "It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Prudential Ins. Co.*, 278 F.3d at 188 (quoting *Fellheimer, Eichen & Braverman, P.C., v.*

7

*Charter Technologies, Inc.*, 57 F.3d 1215, 1224 (3d Cir. 1995)).  Imposition of sanctions pursuant to the court's inherent power are warranted when a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons."  *Id*. at 189 (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 45-46 (1991))

We noted in *Prudential Ins. Co.*, however, that relying on inherent power is not called for where statutory or rules-based sanctions are "entirely adequate."  *Id*.  Here, we conclude, as we did in *Prudential Ins. Co.*, that § 1927 is adequate.[6]  While under § 1927 there must be an unreasonable, willful delay of proceedings that increase costs, done in bad faith or by intentional misconduct, *Williams v. Giant Eagle Markets, Inc*., 883 F.2d 1184, 1191 (3d Cir. 1989), these findings need not be explicit.  *Prudential Ins. Co*., 278 F.3d at 189.  In *Prudential Ins. Co*., we reviewed the course of conduct and concluded that the District Court's findings of "obfuscation" and "mean-spiritedness" were not clearly erroneous, and the imposition of sanctions as a result of that "vexatious conduct" was not an abuse of discretion.  *Id*. at 190.

Similarly here, we believe the language quoted above demonstrates that the District Court found the requisite factors under § 1927 to be satisfied.[7]  In reviewing the actions of Ms. De Soto from July 15, 2011 to January 11, 2012, we find a course of

---

[6] We note however, that as bad faith is at the heart of both bases, the distinction is somewhat blurred, except it is clear that § 1927 is aimed at the type of situation that occurred here, namely, deterrence of intentional and unnecessary delay. *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996) (internal quotation marks omitted).
[7] "§ 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Prudential Ins. Co*., 278 F.3d at 188 (internal quotation marks omitted).

conduct that easily supports a finding of bad faith and intentionality that multiplied proceedings with attendant delays. Specifically, on the eve of Cresci's scheduled deposition, Appellants filed a new Opposition Brief that excluded Cresci's Declaration and sent a letter to the Court in which Ms. De Soto admitted that the information in the Cresci Declaration could be independently verified in the record. Appellees correctly point out that this new maneuver did nothing to dispel the need for Cresci's deposition, as Ms. De Soto continued to maintain that she would call Cresci as a witness. Thus, the filing of the new Opposition Brief was a meaningless diversion that imposed, in essence, another roadblock to discovering the information Cresci would testify to. Indeed, Ms. De Soto's actions from, and after, July, 2011, particularly the timing and contents of the second filing, suggest a deliberate effort to delay proceedings and hamper opposing counsel's ability to represent his clients.

In sum, we find no basis in the record to conclude that the District Court abused its discretion in imposing sanctions, nor any reason to conclude that its implicit finding of bad faith was clearly erroneous. Although reliance on Rule 11 may have been misplaced, we view Ms. De Soto's actions as providing a basis for the imposition of sanctions within the District Court's discretion. Thus, we find no abuse of discretion.

### III. *Conclusion*

For the reasons stated above, we will affirm the judgment of the District Court both in regards to its grant of summary judgment and its imposition of sanctions.

9