

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# Baker v. Hunter Douglas Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5149

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Baker v. Hunter Douglas Inc" (2008). *2008 Decisions.* Paper 1416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-5149
_____

CAROL BAKER,

Appellant

v.

HUNTER DOUGLAS INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 045-cv-02105)
District Judge: Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2008

Before:  BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed: March 19, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Carol Baker appeals from the District Court's December 20, 2006 entry of final

judgment, pursuant to Federal Rule of Civil Procedure 54(b), following a March 28, 2006

opinion and order granting summary judgment to Hunter Douglas, Inc. ("Hunter

Douglas") on four of the five counts of Baker's Complaint.  For the reasons set forth below, we will affirm.

## I.      Background

Because we write solely for the parties, we presume the reader's familiarity with the background of the case and recite only a limited version of the facts.  Baker began working in the Marketing Department of Hunter Douglas in March 1997.  In June 2002, she became a Senior Administrator for Cooperative Advertising, and was responsible for processing cooperative ("co-op") claims made by third-party dealers who incurred advertising costs relating to Hunter Douglas products.  Despite her best efforts, it soon became impossible for Baker to keep up with her work. As a result, Hunter Douglas contracted with a claim processing company in January 2003 for assistance with the co-op claims.  Baker transferred responsibility for the claims to that company while completing work on unprocessed claims from 2002.

Unfortunately, the transfer was, in her words, a "complete disaster" and Baker soon became overwhelmed by the amount of work, suffering what she described as a "nervous breakdown."  (App. at A-6.)  After seeing a physician, on June 5, 2003, Baker sent an e-mail to her supervisors explaining her mental state and requested "2 months off to get my head screwed back on so I can think straight again."  (*Id.* at A-7.)  One of her supervisors asked if she could finish the work week (June 5, 2003 was a Thursday) and work one additional week so that the company could find a replacement.  Baker then met

2

with the Director of Payroll Benefits who provided her with a copy of Hunter Douglas's FMLA[1] policy. Baker was informed that her leave under FMLA was limited to 12 weeks. Her FMLA leave began on June 16, 2003 and ended on September 5, 2003. She also applied for and received short term disability benefits beginning at the same time as her FMLA leave.[2]

On September 5, 2003, the last day of her FMLA leave, Baker returned to Hunter Douglas to discuss with her supervisors the possibility of returning to work part-time. She did not have the requisite certification from her doctor permitting her to return to full-time work. Her supervisors were unavailable that day, so Baker left phone messages for them. One of Baker's supervisors returned her call on September 15, 2003 and referred her to the Director of Payroll Benefits. On September 19, 2003, the Director of Payroll Benefits informed Baker that there were no part-time or full-time positions available at Hunter Douglas, and, when asked by Baker, told her that she was, in effect, being terminated.

Baker filed a Complaint in the United States District Court for the District of New Jersey on May 5, 2004. The Complaint set forth claims that Hunter Douglas failed to reinstate her in her previous job or a comparable one and interfered with her taking advantage of federally available leave pursuant to FMLA (Counts One and Two), that, in

---

[1]"FMLA" stands for the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

[2]As of March 27, 2006, Baker was also receiving long-term disability benefits.

violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("NJLAD"), Hunter Douglas discriminated against her because of her alleged disability and failed to accommodate her disability (Counts Three and Four), and that Hunter Douglas was equitably estopped from terminating her employment (Count Five). Hunter Douglas moved for summary judgment on all counts. On March 28, 2006, the District Court granted the motion as to Counts One, Three, Four and Five, but held that a material issue of fact prevented summary judgment on Count Two. On December 20, 2006, the District Court granted Baker's motion pursuant to Federal Rule of Civil Procedure 54(b) for final judgment on the four claims she lost. This appeal followed.[3]

## II.  Discussion

Baker argues that Hunter Douglas violated FMLA by interfering with her rights under that statute and failing to reinstate her to her previous position. She also argues that the District Court erred in granting summary judgment against her on her claim under NJLAD because factual issues existed as to whether Hunter Douglas could have provided her with a reasonable accommodation and whether such an accommodation would have constituted an undue hardship on the company. Finally, Baker argues that factual issues existed as to whether Hunter Douglas was estopped from terminating her employment.

---

[3]The District Court had subject matter jurisdiction over Baker's FMLA claims pursuant to 28 U.S.C. § 1331 and subject matter jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 401 (3d Cir. 2007).

With respect to Count One, that Hunter Douglas violated FMLA by failing to reinstate her in her job after she returned from FMLA leave, the District Court found that the "primary issue" was whether Baker could perform the essential functions of her former position upon the expiration of her FMLA leave, and it noted that "reasonable accommodation is inapplicable in the context of an FMLA claim." (App. at A-13 (citing 29 C.F.R. § 825.214(b) and *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 384 (3d Cir. 2002)).

The District Court held that Baker had the burden to establish that she was able to work on a full-time, rather than part-time, basis in order to demonstrate her ability to perform the essential functions of her former job. *See, e.g., Tardie v. Rehabilitation Hosp.*, 168 F.3d 538, 544 (1st Cir. 1999) (plaintiff's inability to work fifty to seventy hours per week as hospital administrator constituted a failure to perform essential function of the job); *Hatchett v. Philander Smith College*, 251 F.3d 670, 676-77 (8th Cir. 2001) (Under FMLA, "an employee who could not otherwise perform the essential functions of her job, apart from the inability to work a full-time schedule, is not entitled to intermittent or reduced schedule leave ... ."). The Court then found that Baker failed to meet that burden because she never obtained a certification from her doctor that confirmed her "current ability to resume the duties of [her] job," as required by Hunter Douglas's FMLA policy. (App. at A-15 to A-16.) Further, as of September 2, 2003, Baker on multiple occasions had indicated her desire to return to work on a part-time

basis only. Finally, the District Court found that Baker's receipt of short-term disability benefits judicially estopped her from asserting that she was able to perform the essential functions of her job as of September 5, 2003.

The District Court found that, "[b]ecause the FMLA does not provide for a reasonable accommodation and the record indicates that [Baker] was unable to return to work full-time at the conclusion of her FMLA leave on September 5, 2003," Hunter Douglas was entitled to summary judgment on Count One of Baker's Complaint. (App. at A-19.) We agree with the Court's reasoning and its conclusion that there were no material issues of fact that precluded summary judgment on Baker's claim that Hunter Douglas violated FMLA by failing to reinstate her in her job after she returned from leave. We will therefore affirm the District Court's grant of summary judgment on Count One.

To the extent Baker's arguments can be viewed as pertaining to Count Two, the FMLA interference claim, we cannot review that aspect of them because the District Court denied summary judgment on that claim and it has not yet proceeded to trial.

As to Count Three, alleging disability discrimination under NJLAD, it is difficult to discern from Baker's appellate brief whether she is still challenging the District Court's grant of summary judgment to Hunter Douglas.[4] Assuming that she is, we agree with the

_____

[4]A plaintiff has the burden of establishing a prima facie case of discriminatory discharge under the NJLAD by proving that (1) she is handicapped, (2) she was performing her job satisfactorily, (3) she was dismissed from her position, and (4) similarly situated individuals who were not handicapped were retained by defendant. *See*

District Court's conclusion that Baker could not perform her former job satisfactorily due to her inability to return to work on a full-time basis. *See Svarnas v. AT&T Communications*, 740 A.2d 662, 673 (N.J. Super. App. Div. 1999) ("[E]ven an employee whose job performance is more than adequate when she is working will not be considered qualified for the job unless the employee is also willing and able to come to work on a regular basis.") (citations omitted). We will therefore affirm the District Court's grant of summary judgment to Hunter Douglas on Count Three.

Count Four claims that Hunter Douglas violated NJLAD by failing to reasonably accommodate Baker by allowing her to work part-time or as part of a job share arrangement. Hunter Douglas argued it was entitled to summary judgment because it is *per se* unreasonable to require an employer to allow part-time work for a full-time position. The District Court agreed, finding that Baker's "inability to work a full-time work schedule, which was a crucial part of the job's requirements, precludes an accommodation that would have sacrificed anything less than full-time work." (App. at A-23); *see, e.g., Donahue v. Consolidated Rail Corp.*, 224 F.3d 226, 230 (3d Cir. 2000) (providing a reasonable accommodation does not require creation of a new job); *Muller v. Exxon Research and Eng'g Co.*, 786 A.2d 143, 150 (N.J. Super. App. Div. 2001) (under NJLAD, "an indefinite part-time work schedule" is not a reasonable accommodation).

---

*Maher v. N.J. Transit Rail Ops., Inc.*, 593 A.2d 750, 763 (N.J. 1991) (setting forth the elements of discriminatory harassment, transfer, or discharge under New Jersey law). The parties disputed only the second prong of this test.

The District Court also found that Baker's request that Hunter Douglas allow her to share her duties with another employee is not a reasonable accommodation under NJLAD.

The District Court recognized that, under the NJLAD, Hunter Douglas had a "general duty ... to make a reasonable effort to determine appropriate accommodations," which is often referred to as the "interactive process." (App. at A-26 to A-27.) An employer must "'make a good-faith effort to seek accommodations.'" (*Id.* at A-28 (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 317 (3d Cir. 1999).) The District Court rejected Baker's argument that Hunter Douglas acted in bad faith because there was a two week delay between the time she approached her supervisors to ask them about working part-time and when the Director of Payroll addressed her request. The District Court found that there was no evidence that the delay was the result of bad faith on Hunter Douglas's part, and that, in any event, no other positions, either full-time or part-time, were "available anywhere in [Hunter Douglas's] New Jersey offices ... and this fact was communicated to [Baker]." (App. at A-28 to A-29.) Finally, the District Court referred to its prior analysis under FMLA pertaining to Count One of Baker's complaint and stated that Baker "cannot prove that she could perform the essential functions of the job of overseeing the processing of co-op claims with or without a reasonable accommodation, and therefore she cannot explain the inconsistent positions taken with regard to her NJLAD claim [that she could return to work] and her receipt of short-term disability benefits." (App. at A-30.)

8

Again, we agree with the District Court's reasoning and conclusion that there were no material issues of fact that would preclude summary judgment on Baker's claim that Hunter Douglas violated the NJLAD by failing to provide her with reasonable accommodations. We will therefore affirm the District Court's grant of summary judgment on Count Four.

Finally, Baker's arguments pertaining to Count Five, the equitable estoppel claim, are unavailing. In order to succeed on a claim of equitable estoppel, Baker had to prove that she detrimentally relied on representations made by her supervisors and that these representations caused her not to return to work as required by Hunter Douglas's FMLA policy. *Cf. Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 572 n.4 (3d Cir. 2006) (plaintiff must establish detrimental reliance to sustain an equitable estoppel claim under ERISA); *see also Barone v. Leukemia Soc. of Am.*, 42 F. Supp. 2d 452, 464 (D.N.J. 1998) (detrimental reliance is an essential element of a claim for equitable estoppel under New Jersey law). The District Court found that Baker could not demonstrate detrimental reliance because she "fail[ed] to establish that she was able to perform the essential functions of her job, with or without an accommodation," making it impossible for her to prove that she "could have returned to work ... but didn't because of [her supervisors'] statements that caused her to believe that she did not need to return." (App. A-37.) We agree with the District Court's conclusion that there was no issue of material fact with

regard to Baker's inability to return to work full-time following her FMLA leave, and we will therefore affirm the grant of summary judgment to Hunter Douglas on Count Five.

**III.    Conclusion**

For the foregoing reasons, the District Court's March 28, 2006 opinion and order and December 20, 2006 entry of final judgment will be affirmed.