**Carlos DOMINGUEZ, Appellant**

v.

**COSTCO WHOLESALE CORPORATION.**

No. 09–1888.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 14, 2009.

Filed: Dec. 15, 2009.

---

Alan L. Krumholz, Esq., Jersey City, NJ, for Appellant.

Christopher H. Lowe, Esq., Seyfarth Shaw, New York, NY, for Appellee.

Before: SLOVITER, JORDAN and WEIS, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Carlos Dominguez ("Dominguez") appeals the District Court's grant of summary judgment in favor of Costco Wholesale Corporation ("Costco"). For the reasons stated below, we will affirm.

### I.

Costco is a wholesale club that sells retail goods to its members. In May 2004, Costco hired Dominguez as a Loss Prevention Agent at its Wharton, New Jersey, warehouse. Terrence Berry ("Berry"), a Loss Prevention Supervisor who previously worked with Dominguez at another com-

pany, recruited Dominguez for the position and became his supervisor. It was Dominguez's job to apprehend shoplifters and investigate employee dishonesty. Dominguez investigated as possible employee dishonesty the donation of day-old bakery products to charities from the store's rear entrance; the taking of lunch breaks by Gelisa Torres ("Torres"), a salaried manager, that Dominguez thought were too long; and the selling of Internet-based "bootlegged" DVDs by a manager to co-workers on store premises.

In Dominguez's first performance evaluation, a "thirty-day review," Berry noted that Dominguez needed to improve his attendance and punctuality. Dominguez agreed with Berry's assessment. In the second performance evaluation, a "ninety-day review," Berry made the same observation. Dominguez agreed that he was "continuing to have problems with [his] attendance and punctuality...." App. at 109. Berry nevertheless recommended that Dominguez continue to be employed at Costco.

During the ensuing year, Dominguez received five "counseling notices" for various infractions that included reporting late to work five times in March 2005 and seven times in May 2005. Two of these counseling notices were issued by Berry. The May 2005 counseling notice, his fourth, stated that it was the "last and final counseling notice on this issue." App. at 291. Under Costco's policy, an employee will be terminated for accumulating four counseling notices within a six-month period. In June 2005, Costco's warehouse manager, Lorry Janus ("Janus"), issued a fifth counseling notice. Upon realizing that Dominguez had accumulated over four counseling notices in the previous six months, Janus contacted Costco's regional vice president, Yoram Rubanenko ("Rubanenko"), to request approval to terminate Dominguez's employment. Rubanenko approved, and

Dominguez's employment was terminated on June 17, 2005.

Dominguez sued Costco under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §§ 34:19–1 to –14, alleging that Costco terminated his employment because he had been investigating managers and supervisors for misconduct and reporting his findings to Berry, Torres, and to a regional supervisor. In granting summary judgment in favor of Costco, the District Court held that Dominguez failed to adduce evidence that any of his investigations caused the counseling notices.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291. The standard of review of a district court's grant of summary judgment is de novo. *State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C.*, 566 F.3d 86, 89 (3d Cir.2009). A court may grant summary judgment if, drawing all reasonable inferences in favor of the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

## III.

The New Jersey CEPA is "remedial legislation" meant "to protect employees who report illegal or unethical workplace activities." *Fleming v. Corr. Healthcare Solutions, Inc.*, 164 N.J. 90, 751 A.2d 1035, 1038 (2000) (internal citation and quotation omitted). Under CEPA, it is unlawful for an employer to retaliate against an employee because the employee discloses an activity of the employer that the employee reasonably believes is in violation of a law

or is fraudulent or criminal. N.J. Stat. Ann. § 34:19–3(c). A plaintiff who brings a cause of action under CEPA must demonstrate that (1) he or she reasonably believed that the employer's conduct violated a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistleblowing" activity described in N.J. Stat. Ann. § 34:19–3(c); (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. *Sarnowski v. Air Brooke Limousine, Inc.,* 510 F.3d 398, 404 (3d Cir.2007) (citing *Dzwonar v. McDevitt,* 177 N.J. 451, 828 A.2d 893, 900 (2003)). A CEPA plaintiff can prove a causal connection through "inferences that the trier of fact may reasonably draw based on circumstances surrounding the employment action...." *Maimone v. City of Atl. City,* 188 N.J. 221, 903 A.2d 1055, 1064 (2006) (citation omitted). In circumstantial evidence cases, New Jersey courts apply the burden shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. *Fleming,* 751 A.2d at 1041. The burden of proof to make a prima facie case rests with the plaintiff. *Id.*

■ The District Court correctly granted summary judgment based upon a lack of evidence of causation. Dominguez points to no evidence that the decisionmakers, Janus and Rubanenko, knew about his investigations when they decided to terminate his employment. In addition, Dominguez points to no evidence that the various managers who issued counseling notices knew about his investigations, with the exception of Berry. However, Berry recruited Dominguez, recommended him for continued employment at Costco, and was not the subject of an investigation. The only manager who issued a counseling notice and was also the subject of an investigation could not have known about it, as Dominguez did not reveal the investigation until after the manager had issued the counseling notice. Dominguez's argument to the contrary, that Torres must have known because "she saw [him] following her to the office," Appellant's Br. at 7 (quoting App. at 587), is based entirely on speculation. Dominguez likewise points to no record evidence that Marc Cibellis, another manager who issued a counseling notice, knew about any investigations.

■ Dominguez argues that Berry and other managers were motivated to issue him counseling notices because they knew "that other supervisors or managers were guilty of transgressions disclosed by Dominguez which they themselves ... had failed to report to higher authorities," and, thus, the investigations "presented a potential for serious interference with the continuation of [their] careers...." Appellant's Br. at 27–28. "[R]etaliatory *motive* on the part of non-decision-makers is not enough to satisfy the *causation* element of a CEPA claim." *Caver v. City of Trenton,* 420 F.3d 243, 258 (3d Cir.2005). In any event, Dominguez's argument rests on the assumption that multiple managers independently issued him counseling notices with a shared purpose of retaliating against him, either as a coincidence or as part of a vast conspiracy. The record does not support such an assumption.

■ Finally, Dominguez argues that "the *timing* of events is certainly consistent with a causal nexus" because it was "during this *same period,* from January to June, 2005, that Dominguez was conducting his investigations...." Appellant's Br. at 29. As an initial matter, Dominguez makes this argument without citation to record evidence. Dominguez could not remember when he conducted certain investigations, and there is no evidence placing the managers' knowledge of an investiga-

tion in temporal proximity with the issuance of a counseling notice. *See* App. at 111 ("I can't remember the exact dates."). Even if Dominguez conducted investigations from January to June 2005, that does not permit an inference of causation without evidence that the managers knew about those investigations. Dominguez has not met his burden.

## IV.

For the above-stated reasons, the judgment of the District Court will be affirmed.[1]

---

1. Appellee's Motion for taxation of costs in connection with preparation of the Supplemental Appendix is denied.