UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 09-4228


EVA-PIA REICH,
                                Appellant
                        v.

SCHERING-PLOUGH CORPORATION



On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cv-01508)
District Judge: Honorable Katharine S. Hayden



Submitted Under Third Circuit LAR 34.1(a)
October 25, 2010

Before: McKEE, Chief Judge, SLOVITER, and RENDELL, Circuit Judges.

(Filed: October 29, 2010)



OPINION

SLOVITER, *Circuit Judge*.

Appellant Dr. Eva-Pia Reich, Ph.D appeals from the District Court's grant of summary judgment in favor of her former employer, Schering-Plough Corp, on Reich's claims of age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1.  We will affirm.

**I.**

**Factual and Procedural Background**

In June 1999, Schering hired Reich, then fifty-five years old, as a Principal Scientist.  She initially worked under the supervision of Dr. Paul Zadovny and focused on in-vivo (living) experiments.  In her performance reviews, Zadovny gave Reich positive ratings in the categories of "Cross-Functional Teamwork" and the subcategories under "Leadership."  Zadovny, however, was not trained as an in-vivo biologist.

In early 2003, Schering raised its performance expectations, but continued to use the cross-functional teamwork and leadership categories as performance benchmarks. About a year later, Dr. Jay Fine replaced Zadovny as Reich's supervisor.  At the time Reich was assigned to Fine's group in 2004, Reich was fifty-nine years old and Fine was forty-two.

In Reich's 2004 mid-year review, Fine suggested Reich could improve in the areas of cross-functional teamwork and scientific leadership.  Unlike Zadovny, Fine was

trained as an in-vivo biologist. He rated Reich's overall mid-year performance as "AE" or "At Expectations," a positive rating under the new system. App. at 588-89. Nonetheless, Reich was disappointed because she believed that she was entitled to a higher rating.

For her 2004 year-end review, Fine again rated Reich's work as AE. Although Reich did not believe Fine gave her the AE evaluations because of her age, she complains that Fine gave her vague and unhelpful guidance. In contrast, Fine's notes detail the specific guidance he gave Reich with respect to communication and leadership.

In early 2005, Schering heightened its leadership expectations. In May of that year, Fine told Reich he had attempted to have her demoted because he had too many "senior scientists" in his work group. App. at 878. Although there were Senior Scientists at Schering, Reich was a Principal Scientist and considered Fine's comment to be a remark regarding her age.

In her 2005 mid-year review, Fine gave Reich an overall rating of "BE" or "Below Expectations," noting she had failed to meet expectations with respect to developing effective cross-functional relationships and demonstrating consistent scientific leadership. In early 2006, Fine informed Reich that she was being placed on a three-month Performance Improvement Plan ("PIP"), which included the warning: "[f]ailure to take the required action to improve your performance will result in more severe action, which may include termination of your employment." App. at 573.

In May 2006, Fine had his two-month PIP discussion with Reich, giving her positive feedback on her technical performance, but again noting Reich needed to improve her scientific leadership and communication skills. On June 1, Reich filed a charge of age discrimination with the New Jersey Division of Civil Rights. When Reich informed Human Relations that she had filed a complaint, the person to whom she spoke stated, "oh, no, you shouldn't have done that . . . ." App. at 886. Schering did not begin an internal investigation until after it received a formal copy of Reich's complaint on June 21 from the New Jersey Division on Civil Rights. On June 22, Reich gave her final PIP presentation.

Schering terminated Reich's employment, on Fine's recommendation, on June 27, 2006. Reich amended her charge of age discrimination to include retaliatory discharge in violation of the ADEA and NJLAD. The District Court granted Schering's motion for summary judgment on Reich's claims, concluding that although Reich had established prima facie cases of both age discrimination and retaliation, Schering had articulated legitimate non-discriminatory reasons for its actions and Reich had not sufficiently demonstrated that those reasons were pretextual. This timely appeal followed.[1]

## II.

---

[1] The District Court exercised federal question jurisdiction over Reich's claims under 28 U.S.C. § 1331. We have appellate jurisdiction over the final

**Analysis**[2]

We evaluate claims under the ADEA and NJLAD under the framework articulated

in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in which the burden of

production shifts between the claimant and respondent. *See Smith v. City of Allentown*,

589 F.3d 684, 689-90 (3d Cir. 2009) (ADEA claim); *Sarnowski v. Air Brooke Limousine,*

*Inc.*, 510 F.3d 398, 403 (3d Cir. 2007) (NJLAD claim). The burden of persuasion,

however, remains on the claimant to prove, by a preponderance of the evidence, that age

was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin.*

*Serv., Inc.*, 129 S.Ct. 2343, 2352 (2009); *Smith*, 589 F.3d at 690-91. Reich claims the

District Court erred in concluding she had failed to meet her final burden under the

*McDonnell Douglas* framework to present sufficient evidence "to meaningfully throw

into question" Schering's reasons for its actions, or "from which a factfinder could

reasonably conclude that an illegitimate factor more likely than not was a motivating or

determinative cause" of those actions. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir.

1994).

The only evidence Reich introduced regarding alleged age discrimination

---

decision of the District Court under 28 U.S.C. § 1291.

[2] Viewing the facts in the light most favorable to Reich, we exercise plenary review of the District Court's grant of summary judgment in favor of Schering. *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 566 n.3 (3d Cir. 2002). Summary judgment is proper if there is no genuine issue of material fact and the moving the party is entitled to judgment as a matter of

consisted of a remark by Fine four or five years earlier, before he became her supervisor, referring to a job applicant as "that old guy," App. at 771, and his 2006 comment asking staff members about another applicant, "Young and cute huh, ladies?  What do you think about that, you think you would like to have him in the department?"  App. at 876.  The District Court concluded that Fine's "throw-away remarks [were] too removed in time and too *de minimis* to constitute direct or indirect evidence of age-based animus."  App. at 30.  *See also Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992).  Thus, the court concluded that "[t]aken as a whole, the evidence [Reich] has adduced is not sufficient to permit the inference of discrimination or retaliatory termination . . . ."  App. at 30.  We agree.

Reich emphasizes she offered evidence "of significant inconsistencies between Jay Fine's formal evaluations of [her] performance with the evaluations from her prior supervisor, inconsistency between [Fine]'s daily feedback regarding her work and his formal evaluations, [and] the purely subjective nature of his criticism . . . ."  Appellant's Reply Br. at 5; *see Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 321 (3d Cir. 2000) ("cloaking [subjective] criteria with an appearance of objectivity does not immunize an employment decision")*; Fuentes*, 32 F.3d at 765 (claimant must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in" employer's reasons).  Schering, however, was neither inconsistent nor improperly reliant

---

law.  *Id.*; *see also* Fed. R. Civ. P. 56(c).

on subjective criteria here. *See Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991) ("The fact that an employee disagrees with an employer's evaluation of h[er] does not prove pretext."), *overruled in part on other grounds*, *St. Mary's Honor Ctr.*, 509 U.S. 502 (1993).

The District Court gave careful consideration to Reich's claims. It concluded that Reich established a prima facie claim of discrimination, but that a reasonable jury could conclude that Schering had a nondiscriminatory basis for terminating Reich, and that Reich did not produce sufficient evidence of retaliation such that a reasonable juror could find in her favor. We agree. Reich has failed to demonstrate the District Court erred.

## III.

## Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.