NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3162
_____

JOHN MEHALIS; CURTIS THIBODEAU,
                                        Appellants

v.

FRITO-LAY, INC.; TYLER MONTGOMERY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 3-08-cv-01371 and 3-08-cv-01372
District Judge: The Honorable Anne E. Thompson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2013

Before: SMITH, ALDISERT, and SLOVITER, *Circuit Judges*

(Filed: September 12, 2013)

_____

OPINION
_____

SMITH, *Circuit Judge.*

   John Mehalis and Curtis Thibodeau worked full time as mechanics for Frito-

Lay, Inc., at its Franklin Park garage in Somerset, New Jersey. Their supervisor,

Tyler Montgomery, terminated their employment on February 7 and 23, 2007, respectively. Thereafter, Mehalis and Thibodeau filed suit against Frito-Lay in state court, alleging that their discharge violated New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1. Frito-Lay removed the actions to federal court based on diversity jurisdiction, where they were consolidated. After discovery concluded, Frito-Lay successfully moved for summary judgment. This timely appeal followed.[1] We will affirm.

We review an order granting summary judgment de novo. *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 401 (3d Cir. 2007). The District Court granted summary judgment on the ground that neither Mehalis nor Thibodeau adduced sufficient evidence to support the prima facie element of causation. *See Massarano v. N.J. Transit*, 948 A.2d 653, 662 (N.J. Super. Ct. App. Div. 2008) (reiterating the four elements of a prima facie CEPA claim, including "a causal connection . . . between the whistle-blowing activity and the adverse employment action" (quoting *Dzwoner v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003)). In addition, the District Court noted that Frito-Lay had proffered a legitimate non-retaliatory reason for discharging Mehalis and Thibodeau, and that the evidence failed to establish that this reason for discharge was a pretext. After reviewing the record before us, we conclude that the District Court did not err in its analysis.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441. We

Accordingly, we will affirm the judgment of the District Court.

---

exercise jurisdiction under 28 U.S.C. § 1291.