**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2097

STEPHEN J. SIMONI,
                    Appellant

v.

EDWARD DIAMOND, Individually and as Manager Cardiac Services of
JSUMC; KATHRYN J. LUCIANI, SPHR, Individually and as Human
Resources Site Manager of JSUMC; MERIDIAN HEALTH SYSTEMS,
INC.; MERIDIAN HEALTH, INC.; MERIDIAN HOSPITALS CORP.;
MERIDIAN HEALTH; DONNA M. CUSSON, Individually and as
Assistant Nurse Manager Invasive Care Cardiology of JSUMC;
JERSEY SHORE UNIVERSITY MEDICAL CENTER ('JSUMC');
ERICKA D. CLARK DISTANISLAO, Individually and as Staff Nurse
and Preceptor Invasive Cardiology of JSUMC; JENNIFER S. LOVEY,
Individually and as Staff Nurse and Preceptor Invasive Cardiology of
JSUMC; HEALTH PROFESSIONALS AND ALLIED EMPLOYEES,
AFT/AFL-CIO ('HPAE'); HPAE LOCAL 5058
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:10-cv-06798)
District Judge: Honorable Peter G. Sheridan
_____

No. 20-1024

STEPHEN J. SIMONI,
Member of HEALTH PROFESSIONALS
AND ALLIED EMPLOYEES, LOCAL 0558, AFT/AFL-CIO,
                    Appellant

v.

JERSEY SHORE UNIVERSITY MEDICAL CENTER;
HACKENSACK MERIDIAN HEALTH

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:18-cv-17714)
District Judge: Honorable Freda L. Wolfson

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 14, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: November 5, 2020)

———————————

OPINION[*]

———————————

BIBAS, *Circuit Judge*.

After performing poorly and clashing with his supervisors, Stephen Simoni disobeyed a direct order and was fired. He asks us to infer that the real reason he was fired was something more nefarious: retaliation for whistleblowing. But there is no basis for that claim. He also seeks attorney's fees, but no contractual provision or clear law entitles him to recover them from his employer. So we will affirm.

———————————

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

## I. BACKGROUND

### A. Simoni's work at the Hospital

From August to October 2010, Simoni worked as a cardiac nurse at the Jersey Shore University Medical Center. He started as a probationary employee, as all new nurses do for their first three months. But at the end of his first month, Simoni's first supervisor told him that he was not learning fast enough and did not take guidance or criticism well. Rather than accepting this feedback, he lashed out at her. And the next day, he reported her for violating hospital safety rules.

This was not an isolated incident. Simoni's second supervisor thought his progress was "very slow" and that he grew "defensive when criticism [wa]s given." App. 236. When a manager relayed these comments to him, he grew defensive and said he thought his supervisor "had more integrity than" to criticize him as she did. App. 237, 462. The manager told him not to discuss this with his supervisor. But right afterwards, he did just that, confronting the supervisor and telling her: "I thought you had more integrity than that." App. 275.

The managers recommended that the Hospital fire Simoni because he took criticism poorly and had disobeyed the direct order not to confront his supervisor. The Hospital agreed. Five days after the encounter, the managers fired him, telling him it was based on his "inappropriate and insubordinate confrontation of" his supervisor. App. 239. Simoni objected and threatened to sue.

The Hospital had a collective-bargaining agreement with the Health Professionals and Allied Employees Union. The Agreement required just cause to fire an employee. At

3

Simoni's request, the Union filed a grievance challenging his firing. But the Hospital denied that challenge. The Union refused to appeal that denial to arbitration, saying that he had no right to it because he was a probationary employee.

## B. Procedural history

Simoni sued the Hospital and the Union under Section 301 of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. § 185. He claimed that the Union had breached its duty to represent him fairly, but later settled that claim with the Union. He also claimed that the Hospital had breached the Agreement by firing him without just cause and failing to follow the mandated grievance process. The District Court granted summary judgment for him on the latter claim, finding that the Hospital had not followed the grievance procedure required by the Agreement. *Simoni v. Diamond*, No. 10-6798, 2015 WL 4915535, at *8 (D.N.J. Aug. 18, 2015).

The grievance thus went to arbitration. The arbitrator in turn found that the Hospital had just cause to fire Simoni but that it had infringed on his right to the grievance process. He awarded Simoni back pay and interest but not attorney's fees. So Simoni sued once again, seeking the attorney's fees the arbitrator had denied. But the District Court dismissed this new claim, finding that the arbitrator had not manifestly disregarded the law. Simoni appeals that dismissal.

Along with his Section 301 claim, Simoni brought various state-law claims against the Hospital and its employees. The District Court exercised supplemental jurisdiction over several of these, including his whistleblower, discrimination, and ethics-code claims. It granted summary judgment for the defendants on each. Simoni appeals only the

4

whistleblower decision under the New Jersey Conscientious Employee Protection Act. His two appeals are consolidated before us.

## C. Standard of review

We review the District Court's grant of summary judgment de novo. *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019). So too with the denial of a motion to alter an arbitration award. *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 119 n.23 (3d Cir. 2016). District courts must presume arbitral awards valid and may not correct factual or legal errors. *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 240–41 (3d Cir. 2005). Only when one of four narrow statutory grounds is met does the Federal Arbitration Act authorize setting the award aside. 9 U.S.C. § 10(a).

## II. SIMONI HAS NO RIGHT TO RECOVER ATTORNEY'S FEES FROM THE HOSPITAL

Simoni claims that because the Hospital prevented him from going to arbitration, he is entitled to attorney's fees. By denying that claim, he argues, the arbitrator manifestly disregarded the law. But the Federal Arbitration Act does not list manifest disregard of law as a ground to challenge an award. 9 U.S.C. § 10(a). And though we have previously recognized such challenges, we have not decided whether this ground survives the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). *Whitehead*, 811 F.3d at 120–21. We need not decide that issue today. Even if the theory is still viable, the arbitrator did not manifestly disregard the law.

The arbitrator did not have to award Simoni attorney's fees. An employee's claim that his employer breached a collective bargaining agreement is "contractual in nature." *Ames v. Westinghouse Elec. Corp.*, 864 F.2d 289, 292 (3d Cir. 1988). That usually means the

5

employee cannot recover attorney's fees from the employer unless some exception applies. For instance, the employer may be liable if the Agreement provides for attorney's fees or the employer litigates in bad faith. And there might be an exception if the employer instigates or takes part in the union's breach of its duty of representation. *Id.* at 293. If the union has breached that duty, forcing the employee to sue the employer under Section 301, the employee can recover those attorney's fees *from the union*. *Id.*

At first, Simoni claimed bad faith. In his complaint, he alleged that the "Hospital conducted the litigation in bad-faith" and "continues to litigate in bad-faith." App. 86–87. But he does not appear to have made that argument to the arbitrator. And the District Court properly found that while the Hospital's litigating position may have been weak, it was not indefensible. A defensible argument does not bad faith make.

On appeal, Simoni no longer argues bad faith. Instead, he now seems to claim that the Hospital instigated or took part in the Union's breach of its duty of fair representation. But as the District Court rightly found, Simoni "does not plead factual allegations to support that the Hospital instigated or assisted in the Union's breach of fair representation." App. 10 n.5. In any event, our circuit has left open whether an employee could recover attorney's fees in those circumstances. *Ames*, 864 F.2d at 293. That means our circuit has no clear law that the arbitrator could have manifestly disregarded. So the District Court properly dismissed the claim to modify the arbitral award.

6

**III. SIMONI HAS NO EVIDENCE THAT HE WAS FIRED BECAUSE OF WHISTLEBLOWING**

Simoni also alleges a violation of New Jersey's whistleblower law. N.J. Stat. Ann. § 34:19-3. New Jersey courts apply a burden-shifting framework to such claims, requiring the plaintiff to first establish a prima facie case of discriminatory retaliation. *Klein v. Univ. of Med. & Dentistry of N.J.*, 871 A.2d 681, 687 (N.J. Super. Ct. App. Div. 2005). Here, Simoni claims that the Hospital fired him for alleging that his first supervisor failed to follow hospital safety codes. The District Court rightly rejected that claim on summary judgment, finding that he had not made out the fourth element of his prima facie case: that there was a causal connection between his whistleblowing and his firing. *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 404 (3d Cir. 2007) (citing *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003)).

Simoni's only proof of causation is temporal proximity. He stresses that he was fired soon after reporting the violations. But that is not enough for us to infer causation. Temporal proximity alone suffices only when it is "unusually suggestive of retaliatory motive." *Young v. Hobart W. Grp.*, 897 A.2d 1063, 1073 (N.J. Super. Ct. App. Div. 2005) (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997)).

Here, the timing is not suggestive. Right after blowing the whistle on his first supervisor, Simoni was not fired. Rather, he went on to his second rotation with a new supervisor. Though he claims to have reported these violations again days before he was fired, the record does not support that claim. All it shows is that he made "negative" comments, not whistleblowing complaints. App. 386.

The Hospital decided to fire Simoni right after he disobeyed the manager by telling his supervisor that she lacked integrity. The managers told him that was why they were firing him. Simoni admits that he did make that comment to his supervisor, even though the manager had told him not to. And he admits that the managers told him that was why they were firing him. He neither rebuts this evidence nor offers any other evidence of causation beyond closeness in time. Thus, the District Court properly rejected his whistleblowing claim on summary judgment.

\* \* \* \* \*

Simoni was fired not because he reported his first supervisor's alleged safety violations, but because he disobeyed a direct order and confronted his second supervisor. And no contractual provision or clear law entitled him to recover attorney's fees from the Hospital. So we affirm the grant of summary judgment on the whistleblowing claim and the dismissal of his motion to modify the arbitral award.