**Mark JACKSON**

v.

**ROHM & HAAS COMPANY; Morgan Lewis & Bockius LLP; Conrad O'brien Gellman & Rohn, P.C.; Liberty Life Assurance Company of Boston; Robert Vogel, Esquire; Celia Joseph, Esquire; Royce Warrick, Esquire; Michael McLaughlin, Esquire; Jane Reenetz; James D. Pagliaro, Esquire; Paul J. Greco, Esquire; P. Daffodil Tyminski, Esquire; Aretha Delight Davis, Esquire; Nancy J. Gellman, Esquire; Kelly G. Huller, Esquire; Lori Hamlin; Deanna May; Nancy Mayo; Rohm & Haas Company Benefits Administrative Committee; Harkins Cunningham LLP; Raj L. Gupta; Robert A. Lonergan, Esquire; Ellen Friedell, Esquire; Wayne Davis; Marilyn Orr; William O'brien, Esquire; John Doe Nos. 1–25.**

Mark Jackson;  Richard J. Silverberg,
Appellants.

No.  09–1872.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 25, 2010.

Filed:  Feb. 22, 2010.

Richard J. Silverberg, Esq., Richard J. Silverberg & Associates, Philadelphia, PA, for Plaintiff–Appellant.

John G. Harkins, Jr., Esq., Colleen H. Simpson, Esq., Harkins Cunningham, Jason P. Gosselin, Esq., Michael J. Miller, Esq., Daniel B. Scott, Esq. Drinker, Biddle & Reath, Philadelphia, PA, for Defendants–Appellees.

Liberty Life Assurance Company of Boston, Philadelphia, PA, pro se.

* Honorable Christopher C. Conner, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Before: FUENTES and FISHER, Circuit Judges, and CONNER,* District Judge.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Mark Jackson ("Jackson") appeals from several orders of the United States District Court for the Eastern District of Pennsylvania imposing Rule 11 sanctions; denying his motion to disqualify the main defendant's counsel; dismissing with prejudice claims as a sanction; denying his motion for a preliminary injunction; and denying his motion to vacate the reference to Magistrate Judge M. Faith Angell. For the reasons stated herein, we will affirm.

### I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

This case's lengthy history begins in state court. In 1999, Jackson filed an invasion of privacy suit against his employer, Rohm and Haas Company ("Rohm and Haas"), in the Pennsylvania Court of Common Pleas of Philadelphia County. The ultimate outcome was not favorable to Jackson: although the jury awarded Jackson $150,000 in damages, the trial court granted Rohm and Haas' motion for judgment notwithstanding the verdict based on its determination that the Pennsylvania Workers' Compensation Act barred Jackson's privacy claim.

On September 19, 2003, shortly after the Pennsylvania Superior Court affirmed the trial court's decision, Jackson filed suit against Rohm and Haas and its attorneys

in federal court, asserting violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and related common law claims based on the defendants' alleged misconduct during the state court proceedings ("*Jackson I*"). Finding that Jackson lacked standing to bring the RICO claim, the District Court dismissed the complaint on June 30, 2005.

On September 19, 2005, Jackson filed a second complaint ("*Jackson II*") against a longer list of defendants, including Harkins Cunningham LLP ("Harkins"), the law firm that represented Rohm and Haas in *Jackson I,* and Liberty Life Assurance Company of Boston ("Liberty Life"), which allegedly suspended Jackson's disability benefits during his state and federal litigation in order to harass and intimidate him. The defendants responded with a Rule 11 motion for sanctions. On March 9, 2006, 2006 WL 680933, the District Court determined that the *Jackson II* complaint was "unwarranted and frivolous within the meaning of Rule 11(b)(2)" and sanctioned Jackson in the amount of two-thirds of the expenses and attorney's fees reasonably incurred by the defendants in preparing the Rule 11 motion and related motions to dismiss. (App. at 123, 132.) Magistrate Judge Angell calculated the amount to be $81,710.99, and the District Court adopted the sum.

Jackson proceeded to file a third federal complaint ("*Jackson II*"), and, on April 21, 2008, the District Court referred the protracted litigation to Judge Angell.[1] Judge Angell required the represented parties to attend, with counsel, a hearing held on May 22, 2008. At the hearing, Judge Angell expressed concerns regarding Jackson's counsel's litigation tactics and ordered Jackson to consolidate his second and third federal lawsuits into a single Consolidated Amended Complaint ("CAC") that would allege only those claims for which Jackson had a good faith basis. Although Judge Angell did not put a page limit on the CAC, she did caution, "I would hesitate if I saw a consolidated document that was a hundred pages or more." (*Id.* at 1240.)

On June 11, 2008, Jackson filed the CAC—it was 152 pages long and asserted 25 counts against 51 defendants, 25 of whom were "John Does." The defendants filed a motion to dismiss the CAC with prejudice, and Judge Angell issued an R & R recommending that the motion be granted. Judge Angell found that the CAC's length, its failure to make allegations against specific defendants, and its "inflammatory and unwarranted conclusory allegations" violated Federal Rule of Civil Procedure 8 and, by thwarting her prior orders, also Rule 41(b). (*Id.* at 135.) Applying our decision in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984), Judge Angell concluded that at least five of the six Poulis factors weighed in favor of dismissal: (1) Jackson's presence at the May 22, 2008 hearing made him personally responsible for the CAC (App. at 146); (2) the defendants were prejudiced by having to answer ten complaints with claims that were frivolous and broad in scope (*id.* at 147); (3) Jackson's "pattern of continued failure to file a proper complaint" created a history of dilatoriness (*id.* at 148–49); (4) Jackson's refusal to file a proper CAC as directed "can only be viewed as willful or in bad faith" (*id.* at 149); and (5) "no alternative sanctions . . . will be effective" in light of the fact that the previous $80,000 fine was unsuccessful (*id.*). On March 19, 2009, 2009 WL 773936, the District Court

---

**1.** Prior to the referral, Jackson filed multiple amended complaints, and the defendants responded with multiple motions to dismiss.

adopted only part of the R & R: the Court dismissed with prejudice 21 of the 25 claims in the CAC but, applying the sixth *Poulis* factor, allowed those few claims that the Court viewed as having colorable merit. (*Id.* at 73–74.)

Finally, Jackson filed three additional motions in the District Court that are relevant to this appeal. First, prior to filing the CAC, Jackson filed a motion to disqualify Harkins. Judge Angell denied the motion, and the District Court confirmed the denial on March 20, 2009, 2009 WL 948741. Second, after filing the CAC, Jackson filed a motion for a preliminary injunction to enjoin both the merger between Rohm and Haas and The Dow Chemical Company, and the acquisition of Liberty Life by Safeco Insurance Company. The District Court adopted Judge Angell's R & R and denied Jackson's motion on March 20, 2009. Lastly, Jackson filed a motion to vacate the reference to Judge Angell pursuant to 28 U.S.C. § 636(c)(4), alleging bias. On March 19, 2009, the District Court denied the motion: "[T]he record demonstrates not that Judge Angell has failed to conduct the extended and elaborate proceedings capably, but, rather, that the plaintiff, through his counsel, has handled his role in the proceedings in a continuously counterproductive manner. Judge Angell has fulfilled her responsibilities impeccably." (*Id.* at 69.)

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's imposition of Rule 11 sanctions for abuse of discretion. *Rogal v. Am. Broad. Cos., Inc.,* 74 F.3d 40, 44 (3d Cir.1996). The same standard applies to the District Court's dismissal of a claim as a sanction, *see Poulis,* 747 F.2d at 868,[2] and the District Court's denial of a motion to vacate pursuant to § 636(c)(4), *see Selkridge v. United of Omaha Life Ins. Co.,* 360 F.3d 155, 166 (3d Cir.2004). We review the District Court's denial of a motion to disqualify an attorney for abuse of discretion unless we are asked to determine whether a disciplinary rule prohibits certain professional conduct, in which case review is plenary. *United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir.1980). Finally, "we use a three-part standard to review a District Court's decision to grant or deny a preliminary injunction." *Rogers v. Corbett,* 468 F.3d 188, 192 (3d Cir.2006). "The District Court's findings of fact are reviewed for clear error, the District Court's conclusions of law are evaluated under a plenary standard, and the ultimate decision to grant the preliminary injunction is reviewed for abuse of discretion." *Id.*

## III.

Jackson challenges all of the above-mentioned orders by the District Court. Jackson argues that the District Court abused its discretion in granting the defendants' motion for Rule 11 sanctions; erred in denying Jackson's motion to disqualify Harkins; abused its discretion in dismissing with prejudice 21 of the 25 claims raised in the CAC; erred in denying Jackson's motion for a preliminary injunction; and abused its discretion in denying Jackson's motion to vacate the reference to Judge Angell. We will address these contentions in turn, in approximate chronological order.

## A.

■ The District Court levied Rule 11 sanctions against Jackson in the amount of

---

2. Likewise, we review the District Court's dismissal of a claim pursuant to Federal Rules of Civil Procedure 41(b) and 8 for abuse of discretion. *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir.2002); *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 702 (3d Cir.1996).

$81,710.99 after determining that "Jackson's claims in his original *Jackson II* complaint are predominantly without warrant and frivolous." (App. at 130.) On appeal, Jackson argues that the District Court should not have sanctioned his counsel and that, even if sanctions were appropriate, the amount awarded was excessive.

By filing a complaint, an attorney certifies that, to the best of his or her "knowledge, information, and belief," "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b)(2). If it appears that an attorney has violated this rule, opposing counsel may file a motion for sanctions and, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R.Civ.P. 11(c)(2). We have held that a "district court's choice of deterrent is appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior" and that district courts should consider "whether the attorney has a history of this sort of behavior, the defendant's need for compensation, the degree of frivolousness, and the 'willfulness' of the violation." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 301 (3d Cir.1996) (emphasis in original) (quotations and citations omitted).

The *Jackson II* claims brought pursuant to RICO and 42 U.S.C. § 1985 were completely without merit, and Jackson's brief provides no sound arguments to the contrary. Accordingly, we find that the District Court did not abuse its discretion in imposing Rule 11 sanctions. In light of the frivolousness of these claims and the defendants having incurred expenses in defending against them, we also find that the District Court acted reasonably in sanctioning Jackson's counsel in the

amount of two-thirds of the defendants' expenses. *See Zuk*, 103 F.3d at 301.

### B.

■ The District Court also denied Jackson's motion to disqualify Harkins, Rohm and Haas' counsel. In challenging this order, Jackson cites alleged conflicts of interest between the defendants represented; a "pattern of obstructive conduct;" "the improper assertion of attorney-client privilege;" and "disciplinary violations." (Appellants' Br. at 91.)

We have held that a court may disqualify an attorney only when "disqualification is an appropriate means of enforcing the applicable disciplinary rule[,]" keeping in mind "any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." *Miller*, 624 F.2d at 1201. Here, Jackson's conclusory allegations, which are not backed by evidence, do not warrant the extreme remedy of attorney disqualification. Therefore, we find that the District Court did not err in denying Jackson's motion to disqualify Harkins from this case.

### C.

■ Perhaps most critical to this appeal, Jackson contends that the District Court erred in dismissing 21 of the 25 claims in the CAC. Jackson's argument is three-fold. First, Jackson asserts that the District Court failed to make "an independent assessment of the record based upon plaintiff's objections to the R & R" (Appellants' Br. at 15), as required by Federal Rule of Civil Procedure 72(b), which states, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). *See also* 28 U.S.C. § 636(b)(1). There is no support

for this contention in the record: the District Court not only issued its own opinion (App. at 70–74), but explicitly stated in its order that it reviewed both the R & R and the parties' responses (*id.* at 75.). Having reviewed the R & R, the District Court was permitted to adopt the R & R in part. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Therefore, we do not find that the District Court failed to make an independent assessment of the record.

Second, Jackson contends that Magistrate Judge Angell and the District Court erred in the *Poulis* analysis. Under *Poulis,* we determine whether the District Court abused its discretion in using dismissal as a sanction by examining the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868. "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992). Rather, "the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court-a court which has had no direct contact with the litigants and whose orders, calendar,

docket and authority have not been violated or disrupted." *Id.*

We do not find that the District Court abused its discretion in its dismissal of the 21 CAC claims: (1) Jackson bore personal responsibility for the CAC after the May 20, 2008 hearing; (2)-(3) Jackson's repeated filing of improper complaints with frivolous claims prejudiced the defendants and illustrates a history of dilatoriness; (4) Jackson's refusal to abide by Judge Angell's last instructions regarding the CAC indicates that his counsel's conduct was willful or in bad faith; (5) the continuation of improper conduct after the imposition of the $80,000 fine demonstrates that any sanction other than dismissal would have likely been ineffective; and (6) Jackson's ERISA and RICO claims were without merit. Jackson's litany of arguments to the contrary are simply not convincing.[3]

■ Finally, Jackson argues that he was entitled to notice and a hearing pursuant to *Dunbar v. Triangle Lumber & Supply Co.,* 816 F.2d 126, 129 (3d Cir.1987). We have held that "[w]here a client had or should have had independent knowledge of the delinquency that was the grounds for dismissal, ... notice and hearing are not required." *Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 872 (3d Cir.1994). Here, the May 20, 2008 hearing was sufficient to put Jackson personally on notice.

In summary, we find that the District Court did not err in dismissing 21 of the 25 claims in the CAC.

### D.

Jackson also argues that the District Court erred in denying his motion for a

---

3. For example, Jackson contends that the first *Poulis* factor requires more than his requested presence at hearings, but he sets forth no case law in support of this proposition. Jackson also argues that Judge Angell improperly considered counsel's behavior during all three federal cases, even though the cases were related, partly consolidated, and against the same defendants.

preliminary injunction to enjoin the merger involving Rohm and Haas, and the acquisition involving Liberty Life, based on the defendants' alleged failure to disclose the three *Jackson* cases to the Securities and Exchange Commission. We will dismiss this claim as moot. We have stated that "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.,* 336 F.3d 211, 216 (3d Cir.2003) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)) (quotations and alteration omitted). Here, the claims underlying the preliminary injunction have been dismissed with prejudice. *See* Section C, *supra.* Moreover, the merger and acquisition have already occurred. *See Scattergood v. Perelman,* 945 F.2d 618, 621 (3d Cir.1991) ("The merger has taken place, and this court has held on numerous occasions that when the event sought to be enjoined in a preliminary injunction has occurred, an appeal from the order denying the preliminary injunction is moot.").

### E.

■ Finally, Jackson challenges the District Court's refusal to vacate the reference to Judge Angell. Jackson argues that Judge Angell "demonstrated a severe bias in favor of defendants and against plaintiff;" failed to follow proper procedure; and "engaged in a course of conduct ... which appeared to facilitate [Rohm and Haas] and Liberty [Life] in completing their respective transactions." (Appellants' Br. at 71.)

"The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge[.]" 28 U.S.C. § 636(c)(4). Here, we see nothing warranting a finding of "extraordinary circumstances." *See Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d

1350, 1356 (3d Cir.1990) ("Disagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal."). *See also United States v. Wecht,* 484 F.3d 194, 217 (3d Cir.2007) (holding that district courts have wide discretion in the management of their cases). If anything, Judge Angell demonstrated the utmost patience with Jackson in light of his counsel's intractable conduct.

### IV.

For the foregoing reasons, we will affirm the orders of the District Court.