**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 12-4076

———————

MARK JACKSON,

                    Appellant,

v.

THE DOW CHEMICAL COMPANY; ROHM AND HAAS
COMPANY; ROHM & HAAS COMPANY BENEFITS
ADMINISTRATIVE COMMITTEE; LIBERTY
MUTUAL INSURANCE COMPANY; RAJ L. GUPTA;
PIERRE R. BRONDEAU; JACQUES M. CROISETTIERE;
ROBERT A. LONERGAN, ESQUIRE; ELLEN
FRIEDELL, ESQUIRE; ROYCE WARRICK, ESQUIRE;
JANE GREENETZ; DEANNA MAY; CYNTHIA
MAZER; RICHARD QUINLAN, ESQUIRE; SEAN B.
MCSWEENEY, ESQUIRE; MICHAEL MILLER, ESQUIRE;
NANCY MAYO; LORI HAMLIN; JOHN DOE NOS. 1-15

———————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 11-cv-06194)
District Judge: Honorable James Knoll Gardner

———————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2013

Before: AMBRO, FUENTES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 22, 2013)

———————

OPINION

———————

PER CURIAM

Appellant Mark Jackson appeals pro se an order of the District Court dismissing his pro se complaint. For the reasons that follow, we will affirm.

Jackson initiated his pro se action against his former employer, Rohm & Haas, Liberty Mutual Insurance Company, and others by filing his complaint in the United States District Court for the District of Delaware, D.C. Civ. No. 10-cv-00938, after a virtually identical complaint, filed by his former counsel on his behalf, was dismissed with prejudice in the Eastern District of Pennsylvania, D.C. Civ. No. 05-cv-04988, under Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). See Jackson v. Rohm & Haas Co., 2009 WL 773936 (E.D. Pa. March 19, 2009). Tellingly, in connection with the prior Eastern District proceedings, the District Judge previously assigned to the case not only dismissed the case under Poulis, he also fined Jackson's counsel in excess of $80,000 for prosecuting it. See id., 2009 WL 773936, at * 1 ("Viewed in the light of the history of this litigation and the decisions of this court, the [Consolidated Amended Complaint] seems a model of obstructive and contumacious posturing.").

The complaint filed by counsel on behalf of Jackson in the Eastern District, known as the Consolidated Amended Complaint ("CAC"), asserted violations of RICO, 18 U.S.C. § 1962, ERISA, 29 U.S.C. § 1132(a)(3), and related common law claims based on the defendants' alleged misconduct in earlier state court proceedings and the handling of certain benefits. The claims were lacking in merit. It also asserted claims under the

2

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., which were not obviously wholly without merit and which were not dismissed, Jackson, 2009 WL 773936, at *2, but Jackson voluntarily withdrew them so that he could immediately appeal. We affirmed the Poulis dismissal on appeal, Jackson v. Rohm & Haas Co., 366 Fed. Appx. 342, 348 (3d Cir. 2010), noting among other things, that the CAC was duplicative of earlier litigation and meritless:

> Jackson contends that [the Magistrate Judge] and the District Court erred in the *Poulis* analysis. . . . We do not find that the District Court abused its discretion in its dismissal of the 21 CAC claims: (1) Jackson bore personal responsibility for the CAC after the May 20, 2008 hearing; (2)-(3) Jackson's repeated filing of improper complaints with frivolous claims prejudiced the defendants and illustrates a history of dilatoriness; (4) Jackson's refusal to abide by [the Magistrate Judge's] last instructions regarding the CAC indicates that his counsel's conduct was willful or in bad faith; (5) the continuation of improper conduct after the imposition of the $80,000 fine demonstrates that any sanction other than dismissal would have likely been ineffective; and (6) Jackson's ERISA and RICO claims were without merit. Jacksons litany of arguments to the contrary are simply not convincing.

Id. at 348.[1] Jackson's petition for writ of certiorari was denied by the United States Supreme Court on October 4, 2010, Jackson v. Rohm & Haas Co., 131 S. Ct. 206 (2010) (mem).

---

[1] In this decision we discussed in some detail the case's lengthy history and it is thus not necessary that we repeat it here. Suffice it to say that Jackson sued his former employer Rohm & Haas in state court for invasion of privacy and eventually lost because his claims were barred by the state Workers' Compensation Act. He became disabled due to depression and received disability benefits for a time before those benefits were suspended. Jackson's lawsuits in federal court alleged that the defendants perpetrated a fraud on the state courts and improperly terminated his benefits.

3

The fine imposed on counsel, our affirmance, and the denial of discretionary review by the United States Supreme Court should have brought an end to Jackson's decades-long pursuit of litigation against these defendants, but, surprisingly, it did not. Jackson soon thereafter filed the instant action – a mirror image of the CAC – pro se in the District of Delaware. The action was transferred to the Eastern District of Pennsylvania and reassigned to a new United States District Judge.[2] The defendants then moved in two groups to dismiss the complaint on the basis of res judicata, and, in an order entered on October 1, 2012, the District Court granted the motions and dismissed Jackson's pro se complaint.

Jackson appeals pro se. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over res judicata, or claim preclusion, dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009).

We will affirm. Jackson's pro se complaint was properly dismissed as barred by the doctrine of res judicata, or claim preclusion. Claim preclusion applies when "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The doctrine "is not a mere matter of technical practice or procedure but a rule of fundamental and substantial justice." See Equal Employment Opportunity Comm'n v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (internal quotation marks and citation omitted). It is "central to the purpose for which civil courts have been established, the conclusive resolution of

---

[2] The judge previously assigned to the case had since passed away.

4

disputes," and seeks to avoid "the expense and vexation" of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action "by minimizing the possibility of inconsistent decisions." Id. (internal quotation marks omitted) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citing Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)).

Jackson's pro se filing in a different forum of the same complaint that was dismissed under Poulis in the Eastern District of Pennsylvania presents a clear case for the application of res judicata. As a threshold matter, dismissal of an action under Poulis is a serious sanction; it is meant to deter future abuses. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). If counsel for Jackson was sanctioned, and prohibited from filing the CAC or something similar to it in any federal court, this same prohibition extended to Jackson acting pro se.

The District Court properly dismissed Jackson's pro se complaint as barred by the doctrine of res judicata. Without a doubt, the prior final judgment – the dismissal of Jackson's CAC in D.C. Civ. No. 05-cv-04988 pursuant to Poulis – operated as an adjudication on the merits for claim preclusion purposes. See, e.g., Dillard v. Security Pacific Brokers, Inc., 835 F.2d 607, 608 (5th Cir. 1988) (claim preclusion accorded to earlier federal judgment entered as sanction for failure to comply with court order). Jackson's voluntary dismissal with prejudice of his remaining ADA claims also operated

5

as a final judgment on the merits for purposes of claim preclusion. See Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995).

Jackson's assertion on appeal that his CAC claims were so frivolous that the prior dismissal was for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1), rather than "on the merits" for claim preclusion purposes, see Appellant's Brief, at 17-19, is specious. Moreover, Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), on which Jackson relies, see Appellant's Brief, at 33-34, was a diversity case and the issue was "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute of limitation grounds is determined by the law of the State in which the federal court sits." 531 U.S. at 499. Finding that federal common law governed, the Supreme Court concluded that while the statute of limitation dismissal in California had res judicata effect in the district court in California, the dismissal did not necessarily bar an action in Maryland state court under Maryland's longer statute of limitation. See id. at 508-09. Jackson's repetitive racketeering lawsuits in the federal courts do not involve the claim-preclusive effect of a federal judgment dismissing a diversity action on state law statute of limitation grounds, and thus Semtek does not apply.

The other requirements for application of res judicata also were met. Although Jackson named new defendants in his pro se complaint, res judicata applies "against a plaintiff who has previously asserted essentially the same claim against different defendants where there is close or significant relationship between successive defendants." Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972). We agree with

6

the District Court that, for purposes of claim preclusion in this case, there is a sufficiently close relationship between the defendants named in the CAC and those named in Jackson's pro se complaint. See Lubrizol Corp., 929 F.2d at 966 (claim preclusion bars relitigation of claims against both the parties to the prior suit and those in privity with them). In addition, Jackson's pro se lawsuit was based on the same cause of action as the prior lawsuit. Jackson frankly admits that he "updated and re-filed the fraud and racketeering case previously filed in the Eastern District of Pennsylvania." Appellant's Brief, at 4.

Claim preclusion turns not on the specific legal theory asserted but on the essential similarity of the underlying events that give rise to the various legal claims. See United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984); Davis v. United States Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982) (en banc). Federal courts look to whether the claims arise out of the same transaction or occurrence, see Lubrizol Corp., 929 F.2d at 963, and the focus is on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same," id. (citation and quotation marks omitted). The appellees' side-by-side comparison chart persuasively reveals that Jackson's pro se complaint mirrors the CAC almost completely. See Appellee Liberty Mutual's Brief, at 22-23. The vast majority of Jackson's pro se claims are identical or essentially identical to the claims raised in the CAC. Jackson's addition of some new, nonmaterial facts concerning, for example, Liberty Mutual's merger with Safeco, does not obscure the essential similarity of the two lawsuits.

Jackson argues that the District Judge previously assigned to his case held, albeit in the context of a mandamus petition, that the claims in his pro se action were *not* identical to the CAC claims. See Appellant's Brief, at 35-40. We note that certain of the defendants requested under the All Writs Act, 28 U.S.C. § 1651, that Jackson be enjoined from filing the pro se action in the District of Delaware, and that the District Judge previously assigned to the case did indeed decline to invoke an extraordinary remedy under the All Writs Act. Importantly, however, in allowing Jackson's pro se complaint to run its course, the District Judge made no assessment of whether the claims were the same or similar *for purposes of res judicata*. Accordingly, the prior District Judge's analysis under the All Writs Act did not prevent the District Court from concluding that Jackson's pro se complaint was based on the same cause of action as the prior lawsuit.

We have considered all of the other arguments in Jackson's brief and find them to be lacking in merit.

For the foregoing reasons, we will affirm the dismissal of Jackson's complaint on the basis of res judicata and all other orders of the District Court. Jackson's motion to supplement the appendix is denied.